**T.C.R., Appellant,**

v.

**BELL COUNTY DISTRICT ATTORNEY'S OFFICE,**
**Appellee.**

No. 03–08–00627–CV.

Court of Appeals of Texas, Austin.

Aug. 6, 2009.

T.C.R., San Antonio, pro se.

Bob D. Odom, Asst. Dist. Atty., Belton, for Appellee.

Before Justices PATTERSON, PEMBERTON and WALDROP.

## OPINION

BOB PEMBERTON, Justice.

This appeal presents an issue—apparently of first impression—regarding the requirements for expunction under article 55.01(a)(2) of the code of criminal procedure, as amended in 2001. Tex.Code Crim. Proc. Ann. art. 55.01(a)(2) (West 2006); see Act of May 29, 1989, 71st Leg., R.S., ch. 803, § 1, 1989 Tex. Gen. Laws 3666, 3666 (amended 2001) (current version at Tex.Code Crim. Proc. Ann. art. 55.01(a)). Appellant T.C.R. appeals a district court order denying his petition to expunge records related to his arrests on two felony charges from the 1990s that were ultimately dismissed in connection with his plea bargains in other cases. The sole issue in dispute is whether T.C.R. could satisfy paragraph (A) of article 55.01(a)(2) by proving that the limitations periods for the felony charges he seeks to expunge expired before he filed his expunction petition, as required by subparagraph (i) of paragraph (A), see Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i), or whether he must instead obtain a finding that the charges were dismissed because their presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of dismissal to believe he committed the offense, or the charging instrument was void, as required in subparagraph (ii) of paragraph (A). See id. art. 55.01(a)(2)(A)(ii). The district court found that T.C.R. had failed to prove the requirements of subparagraph (ii) and denied his petition for that reason alone. Because we conclude that article 55.01(a)(2) also permits T.C.R. to satisfy

paragraph (A) by proving the requirements in subparagraph (i), and because there is no dispute that he met those requirements and the other conditions for expunction under article 55.01(a)(2), we reverse the order denying expunction and remand for entry of an order granting expunction.

■ Expunction—the remedy through which a person who has been arrested for the commission of an offense can have all information about the arrest removed from the State's records—is not a constitutional or common-law right, but purely a statutory privilege. See Heine v. Texas Dep't of Pub. Safety, 92 S.W.3d 642, 648 (Tex.App.-Austin 2002, pet. denied); McCarroll v. Texas Dep't of Pub. Safety, 86 S.W.3d 376, 378 (Tex.App.-Fort Worth 2002, no pet.); Harris County Dist. Attorney v. Lacafta, 965 S.W.2d 568, 569 (Tex. App.-Houston [14th Dist.] 1997, no pet.). Article 55.01(a) of the code of criminal procedure creates a cause of action through which a person can establish an entitlement to expunction. See Tex.Code Crim. Proc. Ann. art. 55.01(a); Heine, 92 S.W.3d at 648. Although article 55.01 is located in the code of criminal procedure, the cause of action it creates is civil rather than criminal in nature. Texas Dep't of Pub. Safety v. J.H.J., 274 S.W.3d 803, 806 (Tex.App.-Houston [14th Dist.] 2008, no pet.). Article 55.01 imposes a number of conditions or elements that the petitioner has the burden of proving; unless the petitioner meets each element, there is no right to the expunction remedy. Id.; Harris County Dist. Attorney's Office v. Hopson, 880 S.W.2d 1, 3 (Tex.App.-Houston [14th Dist.] 1994, no writ). The trial court must strictly comply with the statutory requirements, and it has no equitable power to expand the remedy's availability beyond what the legislature has provided. Lacafta, 965 S.W.2d at 569; Harris Coun-

*ty Dist. Attorney's Office v. M.G.G.*, 866 S.W.2d 796, 798 (Tex.App.-Houston [14th Dist.] 1993, no writ). Conversely, if the petitioner demonstrates that he has satisfied each of the requirements under article 55.01(a), the trial court has a mandatory duty to grant the expunction petition. *Heine*, 92 S.W.3d at 648.

■■■■ In his verified petition for expunction [1] filed on March 27, 2008, T.C.R. pled that he had been arrested on February 2, 1997 for the offense of burglary of a habitation allegedly committed on the same day, and arrested in April of that year for allegedly committing the offense of sexual assault in April 1996. T.C.R. sought expunction of records relating to these arrests under the following provisions of article 55.01(a):

> Art. 55.01. RIGHT TO EXPUNCTION. (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> *     *     *
>
> (2) *each of the following conditions exist:*
>
> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex.Code Crim. Proc. Ann. art. 55.01(a)(2). T.C.R. pled—and, at the subsequent hearing, presented evidence [2]—that he had been indicted for both offenses and that the indictments had been dismissed, *see id.* art. 55.01(a)(2)(A); that the limitations period for these offenses had expired before he filed his expunction petition (i.e., the requirements of paragraph (A), subparagraph (i)), *see id.* art. 55.01(a)(2)(A)(i); that he had been released from custody, the charges did not result in a final conviction and were no longer pending, and there was no court-ordered community supervision under article 42.12, *see id.* art. 55.01(a)(2)(B); [3] and that he had not been convicted of a felony during the five years

---

1. *See* Tex.Code Crim. Proc. Ann. art. 55.02 (West Supp. 2008).

2. T.C.R. testified to these facts and also introduced into evidence, without objection, purported deemed admissions of these facts.

3. T.C.R. also pled and presented proof that he had not been released on conditional discharge under section 481.109 of the health and safety code.

preceding the two arrests for which he sought expunction. *See id.* art. 55.01(a)(2)(C). T.C.R. did not plead or attempt to prove that he satisfied the requirements of subparagraph (ii) of paragraph (A)—that the indictments had been dismissed because their presentment had been made because of reasons indicating absence of probable cause or because they were void. *See id.* art. 55.01(a)(2)(A)(ii).

The State did not dispute that T.C.R. had satisfied each of the article 55.01(a)(2) conditions that he had attempted to prove. Instead, it presented evidence that T.C.R. could not satisfy subparagraph (ii) of paragraph (A)—the requirement that T.C.R. had not attempted to prove. The State presented uncontroverted evidence that both of the charges for which T.C.R. sought expunction had been dismissed in connection with his plea bargains in other cases. This evidence included the dismissal orders in both cases.[4] The dismissal order in the burglary case reflects that, on April 10, 1997, the district court dismissed the cause on the State's motion, which cited the sole ground that:

> The Defendant plead in cause number # 47,206 wherein the plea agreement provided in part as follows:
>
> The State shall dismiss the indicted burglary of a habitation case currently pending against defendant after he is sentenced in this cause and shall not prosecute said offenses if defendant does not violate his community supervision if granted by this court.[ [5] ]

Similarly, the dismissal order in the sexual assault case reflects that, on August 29, 1997, the district court dismissed the cause on the State's motion, which cited the ground of "INTEREST OF JUDICIAL ECONOMY IN CONJUNCTION WITH PLEA IN ANOTHER CASE." [6]

In a prior attempt by T.C.R. to expunge records relating to these arrests, we affirmed the district court's denial of expunction on the basis that T.C.R. could not prove the indictments had been dismissed because of reasons indicating absence of probable cause or because they were void. However, at the time of that proceeding, paragraph (A) of article 55.01(a)(2) required T.C.R. to prove the following:

> (A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

Act of May 29, 1989, 71st Leg., R.S., ch. 803, § 1, 1989 Tex. Gen. Laws 3666, 3666 (amended 2001) (current version at Tex. Code Crim. Proc. Ann. art. 55.01(a)). Under this version of paragraph (A), it was

---

4.  T.C.R. attached the dismissal orders, as well as the indictments, to his expunction petition, but did not introduce them into evidence.

5.  The State also introduced a February 21, 1997 disclosure of plea recommendation in Cause No. 47,206, signed by both the State and T.C.R. It reflects that T.C.R. had agreed to plead guilty to a felony charge of carrying an illegal knife on school premises in ex-

change for the State's agreement that, among other things, it would dismiss his pending burglary charge.

6.  The record in this proceeding does not indicate the identity or nature of the "another case" the State was referencing.

Neither dismissal order placed any limitations on T.C.R.'s right to later seek expunction of records concerning those offenses.

clear that because "an indictment ... charging [T.C.R.] with commission of a felony was presented" and dismissed, he had to prove that "it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void." However, in 2001, the legislature amended paragraph (A) as follows:

> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed *or quashed* and:
>
> > *(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or*
> >
> > *(ii)* the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

Act of May 27, 2001, 77th Leg., R.S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237 (codified at Tex.Code Crim. Proc. Ann. art. 55.01) (additions italicized).[7] Thus, among other changes, the legislature added the requirement that the limitations period for the offense has expired before the expunction petition is filed, which it placed in a new subparagraph (i) immediately following the preexisting language regarding presentment and dismissal of an indictment or information, separated by the conjunction "and." The preexisting requirement that petitioners prove the dismissal was for a reason indicating absence of probable cause or that the charging instrument was void, which previously followed the conjunction "and" after the language regarding dismissals of charging instruments, was separated from that language and moved to a new subparagraph (ii), with subparagraph (i) in between, with the two subparagraphs separated by the disjunctive "or." The legislature made the 2001 amendments fully applicable "to arrest records and files created before, on, or after the effective date of this Act," September 1, 2001. *See id.* § 4, 2001 Tex. Gen. Laws at 2237 ("The change in law made by this Act applies to arrest records and files created before, on or after the effective date of this Act."); § 5, 2001 Tex. Gen. Laws at 2237 ("This Act takes effect ... September 1, 2001."). Consequently, they govern T.C.R.'s expunction claim here.

During the intervening years, it has been established that the 2001 addition of subparagraph (i) to paragraph (A) imposed a new requirement that a person seeking expunction of arrest records where a felony charging instrument has *not* been presented—including misdemeanor cases—must prove that the limitations period for the charge had expired before he filed his expunction petition. *State v. Beam,* 226 S.W.3d 392, 394 (Tex.2007). T.C.R. and the State joined issue as to subparagraph (i)'s application in cases where an indictment or information charging a felony *has* been presented and dismissed. T.C.R. took the position that subparagraphs (i)

---

**7.** There have been additional intervening amendments to article 55.01(a)(2), but these are not material to our analysis.

and (ii) are now alternative means of satisfying paragraph (A), and that he thus met that requirement through his proof that the limitations periods on his offenses had expired before he filed his expunction petition. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i). The State countered that subparagraph (i) applies only in cases where no indictment or information charging a felony has been presented and not when, as here, an indictment is presented and later dismissed. In those cases, the State reasoned, the requirements in subparagraph (ii) continued to govern. Consequently, it urged, T.C.R.'s inability to prove subparagraph (ii)'s requirements is fatal to his expunction claim.

After taking the matter under advisement, the district court signed an order denying T.C.R.'s petition and subsequently entered findings of fact and conclusions of law. The district court found that T.C.R. had failed to satisfy the requirements in subparagraph (ii) of paragraph (A):

1. That Cause No. 47,176 [the burglary charge] was dismissed by the 264th District Court of Bell County, Texas on April 10, 1997 for the reason that the dismissal was expressly made a part of the plea bargain in Cause No. 47,206 [the illegal weapon charge] pending in said court and that Petitioner entered his plea [of] guilty in Cause No. 47,206 in accordance with that plea bargain and the terms of the plea bargain, to include the dismissal of Cause No. 47,176, were followed by the court.

2. That Cause No. 47,563 [the sexual assault charge] was dismissed by the 264th District Court of Bell County, Texas on August 29, 1997 on the grounds that it was in the interest of judicial economy in conjunction with Petitioner's plea in another case.

3. Neither Cause No. 47,176 or Cause No. 47,563 were dismissed because presentment was made because of mistake, false information or other reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void. Both dismissals were entered because Petitioner was or had entered pleas in another case, either as part of the plea bargain in the other case or as a direct result of his plea in that case.

Based on these fact findings, the district court concluded that T.C.R. had failed to satisfy the requirements of article 55.01(a)(2), paragraph (A):

1. Because the dismissals in both Cause Nos. 47,176 and 47,563 were entered as part of the plea bargain in, or as a result of, Petitioner's plea to another charge in a separate case and not due to a mistake, false information or similar reason indicating an absence of probable cause at the time of the dismissal to believe that Petitioner had committed the offenses in Cause Nos. 47,176 and 47,563 or because the indictments in said causes were void, they are not qualified for expunction pursuant to Article 55.01(a)(2)(A) of the Texas Code of Criminal Procedure.

T.C.R. brings a single issue on appeal challenging the district court's order. As in the district court, the sole disputed issue on appeal is whether article 55.01(a)(2), paragraph (A) requires T.C.R. to prove the conditions in subparagraph (ii), as the State urges, or is satisfied by T.C.R.'s proof that he met the limitations condition of subparagraph (i). Neither party cites a case that has squarely decided this question,[8] and we are aware of none.[9]

---

**8.** In the district court, the State cited three cases to support its view that T.C.R. was

required to prove the requirements of subpar-

Our resolution of this question turns on construction of paragraph (A), as it was amended in 2001. Statutory construction presents a question of law that we review de novo. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006). Although we apply an "abuse-of-discretion" standard when reviewing the district court's ruling on T.C.R.'s expunction petition, *see Heine*, 92 S.W.3d at 646, here this means only that we review the district court's inter-

---

agraph (ii), notwithstanding the 2001 addition of subparagraph (i): *Pitts v. State*, 113 S.W.3d 393 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *Texas Dep't of Pub. Safety v. Collmorgen*, No. 14-06-00478-CV, 2007 WL 853812, 2007 Tex.App. LEXIS 2174 (Tex.App.-Houston [14th Dist.] Mar. 22, 2007, no pet.) (mem. op.); and *Ex parte Lopez*, No. 07-03-00413-CV, 2004 WL 351135, 2004 Tex.App. LEXIS 1786 (Tex.App.-Amarillo Feb. 25, 2004, pet. denied) (mem. op.). Each case is distinguishable. *Lopez* applied the pre-2001 version of paragraph (A). *See* 2004 WL 351135, at *1-2, 2004 Tex.App. LEXIS 1786, at *4-5. *Collmorgen* applied the post-2001 version of paragraph (A), but, because limitations on the charges at issue had not yet run, "the only condition in question [was] whether the indictment was dismissed due to mistake, false information or other similar reason." *See* 2007 WL 853812, at *2, 2007 Tex.App. LEXIS 2174, at *4.

In *Pitts*, the court emphasized that "the focus of the dispute at the evidentiary hearing was appellant's argument that the presentment of the charges brought against him in the 1992 indictment was based on 'mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense,' or that the 1992 indictment was void"—the requirements of subparagraph (ii)—and this likewise was the court's focus on appeal. 113 S.W.3d at 396-400. In a footnote, the *Pitts* court observed that, with reference to subparagraph (i), "[i]t is unclear from the record whether the limitations period for the dismissed offenses, with the exception of [a] murder charge [which has no limitations period], had expired at the time appellant filed his petition for expunction." *Id.* at 396 n. 1. Although the significance of this statement is not entirely clear, in context it appears to refer to a failure by the appellant to meet his burden under subparagraph (i). Such a reference implies that subparagraph (i) would have been an alternative means by which the appellant could have satisfied paragraph (A)—a view consistent with our analysis above.

9. A potential source of confusion on this issue is footnote 4 of our *Heine* opinion, in which this Court stated, in the context of an expunction claim under the pre-2001 version of paragraph (A) where no indictment or information had been presented:

> In cases where an information or indictment has been presented, the petitioner must prove that the indictment/information was dismissed or quashed because the presentment was made due to mistake, false information, or other similar reason indicating absence of probable cause. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii) (West Supp. 2003); *Ex parte Guajardo*, 70 S.W.3d 202, 204-05 (Tex.App.-San Antonio 2001, no pet.). Thus, if Heine had been indicted for the offense, Heine's burden would have been greater. He would have had to prove that the indictment was dismissed because the presentment had been made due to mistake, false information, or other similar reason indicating absence of probable cause to believe he committed the offense. The [2001] amendment to the statute provides an alternative to this requirement: *in cases where an information or indictment was not presented*, the petitioner must now prove that the limitations period for the offense expired before the filing of the petition for expunction. *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237 (Tex.Code Crim. Proc. Ann. art. 55.01, since amended).

*Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 n. 4 (Tex.App.-Austin 2002, pet. denied) (emphasis added). To the extent the italicized reference to subparagraph (i) could imply that this provision applies *only* "in cases where an information or indictment was not presented" and not in cases where such a charging instrument is presented and dismissed, it is dicta, as *Heine* was a case where no indictment or information had been presented. *See id.* at 645. More broadly, the entire discussion of the 2001 amendments is dicta because the case was governed by the former version of paragraph (A). *See id.* at 646 n. 4.

pretation and application of paragraph (A) de novo, as with any statutory-construction issue, because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts," *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992), and, therefore, "abuses its discretion" if it misinterprets or misapplies the law. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex.2008); *Walker*, 827 S.W.2d at 840.

▆▆▆▆ Our primary objective in statutory construction is to give effect to the legislature's intent. *See Shumake*, 199 S.W.3d at 284. We seek that intent "first and foremost" in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex.2006). "When text is clear, text is determinative of that intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex.2009) (op. on reh'g) (citing *Shumake*, 199 S.W.3d at 284; *Alex Sheshunoff Mgmt. Servs. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex.2006)). We consider the words in context, not in isolation. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex.2008) (citing *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004); *Taylor v. Firemen's & Policemen's Civil Serv. Comm'n of City of Lubbock*, 616 S.W.2d 187, 189 (Tex.1981); *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 (Tex.2004)); *see Entergy Gulf States*, 282 S.W.3d at 437 ("This general rule [that text is determinative of legislative intent] applies unless enforcing the plain language of the statute as written would produce absurd results"; also recognizing that legislative definitions of terms control over their ordinary meaning); Tex. Gov't Code Ann. § 311.011 (West 2005) ("[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage"). We should also read every word, phrase, and expression in a statute as if it were deliberately chosen, and likewise presume that words excluded from the statute are done so purposefully. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex.App.-Austin 2002, pet. denied). Our analysis of the statutory text is also informed by the presumptions that "the entire statute is intended to be effective" and that "a just and reasonable result is intended," Tex. Gov't Code Ann. § 311.021(2) & (3) (West 2005), and consideration of such matters as "the object sought to be attained," "circumstances under which the statute was enacted," legislative history, and "consequences of a particular construction." *Id.* § 311.023(1), (2), (3), (5) (West 2005). However, only when the statutory text is ambiguous "do we 'resort to rules of construction or extrinsic aids.'" *Entergy Gulf States*, 282 S.W.3d at 437 (quoting *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007)).

To support his view of paragraph (A), T.C.R. emphasizes the text and structure of the provision. He observes that paragraph (A) is currently organized into:

(1) a main paragraph containing two alternatives, separated by the disjunctive "or"—"an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested *or*, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed";

(2) two subparagraphs within paragraph (A) that are also alternatives, separated by the disjunctive "or"—"(i) the limita-

tions period expired before the date on which a petition for expunction was filed under Article 55.02; *or* (ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void";

(3) with the two sets of alternatives linked by the conjunction "and."

*See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A). Paragraph (A)'s language and structure, T.C.R. urges, plainly permits a petitioner to satisfy paragraph (A) by proving either of the two alternatives in the main portion of paragraph (A) and either of the two alternative subparagraphs. Thus, he reasons, he could satisfy paragraph (A) by proving that his indictments had been dismissed (one of the first set of alternatives) "and" the requirements of subparagraph (i) (one of the second set of alternatives).

In response, the State, with reference to its interpretation of paragraph (A), acknowledges that the provision "is perhaps confusing and is inartfully drawn." Nonetheless, it finds support for its interpretation in the fact that subparagraph (ii) can be implicated only when an "indictment or information was dismissed or quashed" (the second alternative in the main body of paragraph (A)), and it can never be implicated when an indictment or information charging a felony is not presented (the first alternative). The State observes that, similarly, only subparagraph (i) can apply when no indictment or information charging a felony is presented. These relationships, the State reasons, imply that subparagraph (i) applies exclusively in cases when no indictment or information is presented, just as subparagraph (ii) applies exclusively in cases where an indictment or information is presented and dis-

missed or quashed. This construction, the State adds, is consistent with the legislature's intent in article 55.01, which it views as "allow[ing] persons who have been *wrongfully arrested* to expunge their arrest records." (Emphasis in original). That purpose is achieved, the State argues, by requiring persons who have been indicted—which "involves a determination that there is sufficient evidence or probable cause to go to trial"—to establish the indictment was ultimately dismissed for lack of probable cause, as required by subparagraph (ii), and not merely that "the case [was] dismissed only for a reason that does not call into question the rightfulness of the arrest." By contrast, the State further reasons, subparagraph (i) "more logically applies ... where no indictment or information is ever presented [s]ince there is never a determination of probable cause or as to the sufficiency of the evidence to go to trial."

We are to adhere to the plain meaning of statutory text as the most reliable guide to legislative intent. *Entergy Gulf States*, 282 S.W.3d at 437. Here it guides us to agree with T.C.R.'s construction of paragraph (A). As amended in 2001, paragraph (A) plainly requires that a person seeking expunction prove (1) that no indictment or information charging a felony has been presented, "*or,*" if one has been presented, that it has been dismissed or quashed; "*and*" (2) that the conditions in subsection (i) "*or*" (ii) have been satisfied. Thus, where "an indictment or information charging the person with commission of a felony was presented," paragraph (A) is satisfied with proof that (1) "the indictment or information has been dismissed or quashed" *and* (2) either the limitations period has expired on or before the date on which a petition for expunction was filed, as required in subparagraph (i), *or* that the dismissal was for reasons indi-

cating absence of probable cause or that the charging instrument was void, as required in subparagraph (ii). *See Pitts v. State,* 113 S.W.3d 393, 396 n. 1 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (suggesting that subparagraphs (i) and (ii) are alternatives in cases where an indictment has been presented and dismissed); *see also In re Expunction Request,* No. 06–09–00002–CV, 2009 WL 1530815, at *2–3, 2009 Tex.App. LEXIS 4027, at *7 (Tex.App.-Texarkana June 3, 2009, no pet. h.) (mem. op.) (stating that subparagraphs (i) and (ii) are "alternative" elements in case where neither was established). We also observe that the legislature did not specify or require any particular ground for dismissal or quashing in its requirement that "the indictment or information has been dismissed or quashed." Considering that phrase together with subparagraph (i), the legislature plainly provided that a person can satisfy paragraph (A) by proving that the indictment had been dismissed or quashed, without regard to the reason, and limitations had run on the offense before he filed his expunction petition.[10]

It is true, as the State emphasizes, that subparagraph (ii) applies only when an indictment or information charging a felony has been presented, which means that not all combinations of the two sets of alternatives in paragraph (A) are possible. However, it does not follow that *only* subparagraph (ii), and not subparagraph (i), can apply in cases where an indictment or information has been presented. The legislature did not place any such limitation in subparagraph (i) or in the requirement that "the indictment or information has been dismissed or quashed," though it easily could have done so. *See Gables Realty Ltd. P'ship,* 81 S.W.3d at 873 (we presume that legislature acted purposefully in

choosing to include or exclude words from statute). As for the State's view of an implicit limitation to this effect, it is inconsistent with the plain language of paragraph (A), which is satisfied if an indictment has been dismissed or quashed, and the conditions of either subparagraph (i) *or* (ii) are satisfied.

As for the State's arguments regarding the legislative intent underlying article 55.01, it is true that a primary goal of this statute is "to permit the expunction of records from wrongful arrests." *Harris County Dist. Attorney's Office v. J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991). However, we cannot conclude that this is a case where reliance on the plain language of the statutory text as written yields an "absurd result" that the legislature could not possibly have intended. *See Entergy Gulf States,* 282 S.W.3d at 437. For one, the legislature has also enacted expunction statutes that condition eligibility not on errors in the criminal justice system against innocent persons, but on an admittedly guilty person's abstaining from committing additional offenses for some period of time after being discharged from the system. *See, e.g.,* Tex.Code Crim. Proc. Ann. arts. 45.0216, .055 (West 2006); *see also* George E. Dix & Robert O. Dawson, 43B *Texas Practice* § 48.03 (2001 & 2008–09 Supp.) (contrasting "rehabilitation" and "mistake" models of Texas expunction statutes). The 2001 amendments to paragraph (A), as we have construed them, had the effect of moving article 55.01(a)(2) from a "mistake" model for persons who have been charged with felonies toward more of a "rehabilitation" model. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i) (requiring that limitations expire before expunction petition is filed), (C) (requiring no felony convictions in five years preced-

---

**10.** We intend no comment, however, as to circumstances in which dismissals could implicate paragraph (B)'s requirement that the charge "has not resulted in a final conviction," as that issue is not before us.

ing arrest); *but see id.* art. 55.01(a)(2)(B) (still requiring petitioner not to have been convicted of offense sought to be expunged and not to have received article 42.12 community supervision). Especially where the legislature has followed this approach in other expunction statutes, it is not absurd or unreasonable to conclude from the statutory text that the legislature intended to make these sorts of changes through the 2001 amendments. We also observe that the legislative history of the 2001 amendments reflects such an intent,[11] as well as legislative awareness of the sorts of potential consequences the State decries here.[12] In short, we must conclude, based on the statutory text, that the legislature, through its 2001 amendments to paragraph (A), made the deliberate policy choice to expand the availability of expunction for persons who have been charged with a felony where the charging instrument has been dismissed or quashed, without regard to the ground or reason, and the limitations period for the offense has expired.[13] We

are not at liberty to second-guess this policy judgment in the guise of statutory construction. *See, e.g., Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66, 70 (1920) ("Courts ... must take statutes as they find them. . . . They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law . . . ."); *see also State v. Young,* 265 S.W.3d 697, 703–08 (Tex.App.-Austin 2008, pet. denied).

We hold that, in cases where an indictment or information charging a person with a felony offense has been presented, the person can meet the requirements in paragraph (A) of article 55.01(a)(2), code of criminal procedure, as to that offense by proving that (1) the charging instrument has been dismissed or quashed, and (2) the limitations period for that offense expired before he filed his expunction petition. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A). There is no dispute that T.C.R. met that burden here,[14] and like-

11. *See* Enrolled Bill Summary, H.B. 1323, 77th Leg., R.S. (2001) ("*House Bill 1323 amends* the Code of Criminal Procedure to provide that a person is entitled to have all records and files relating to the person's felony or misdemeanor arrest expunged if an indictment or information has been dismissed or quashed and the limitations period has expired."); House Comm. on Crim. Jurisprudence, Bill Analysis, Tex. H.B. 1323, 77th Leg., R.S. (2001) ("House Bill 1323 amends the Code of Criminal Procedure to provide that a person is entitled to have all records and files relating to the person's felony or misdemeanor arrest expunged if an indictment or information has been dismissed or quashed, and the limitations period has expired.").

12. *See* House Research Org., Bill Analysis, Tex. H.B. 1323, 77th Leg., R.S., at 3 (April 9, 2001) (observing that opponents of amendments had expressed concern that "[g]uilty persons could have their indictments quashed on a technicality and have their arrest records expunged once the statute of limitations for the offense ran out, regardless of whether

there was probable cause that the person committed the offense").

13. Subject, of course, to the other requirements for expunction under article 55.01(a)(2).

14. We also observe that the district court's fact findings, which were not challenged by either party, establish that T.C.R. satisfied subparagraph (i)'s limitations requirement. The court found that T.C.R.'s burglary charge, which was alleged to have occurred on February 2, 1997, was dismissed on April 10, 1997, while his sexual assault charge, alleged to have occurred on April 25, 1996, was dismissed on August 29, 1997. The limitations period for burglary is five years from the date of the commission of the offense, *see* Tex.Code Crim. Proc. Ann. art. 12.01(4)(B) (West 2006), while the limitations period for sexual assault is ten years. *See id.* art. 12.01(2)(E). Limitations were tolled during the pendency of each indictment. *See id.* art. 12.05(b) (West 2005). The record reflects that T.C.R. filed his present expunction petition on March 27, 2008, a

wise satisfied the requirements of paragraphs (B) and (C) of article 55.01(a)(2). Consequently, the district court had a mandatory duty to grant T.C.R.'s expunction petition and abused its discretion in denying it. *See Heine,* 92 S.W.3d at 648. We sustain T.C.R.'s sole issue on appeal.

We reverse the district court's denial of T.C.R.'s expunction petition and remand to the district court for the entry of appropriate orders expunging the files and records related to Cause Nos. 47,176 and 47,563. *See* Tex.Code Crim. Proc. Ann. art. 55.02 (West Supp. 2008).

date more than ten years beyond even the dismissal date of the sexual assault charge and more than five years beyond the dismissal date of the burglary charge.