# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00707-CV

**C. S. S., Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
### NO. 10-0314, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an expunction case. We will affirm the trial court's order denying expunction.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant C.S.S. pleaded nolo contendere to the charge of unlawful restraint on February 2, 2006. The trial court deferred an adjudication of guilt during a period of good behavior by C.S.S. and placed him on unsupervised community supervision for six months. The deferral order required C.S.S. to abide by certain terms and conditions and to do or refrain from doing certain acts. Among his conditions, C.S.S. was ordered to pay a $300 fine and court costs of $220. By order signed August 16, 2006, without further adjudication, C.S.S. was favorably and successfully released from community supervision.

C.S.S. filed a petition for expunction on February 25, 2010. The trial court found that under the terms of the deferral order, C.S.S. "was placed on unsupervised deferred adjudication for

a term of six (6) months for the offense of UNLAWFUL RESTRAINT, and required to pay court costs of $220, pay a fine of $300, and comply with the other terms and conditions set out in the judgment . . . ." Therefore, the trial court concluded that C.S.S. was ineligible for expunction as a matter of law because he had served a term of court ordered community supervision—in the form of unsupervised deferred adjudication—for a period of time and was ordered to comply with conditions. C.S.S. appeals from the order denying expunction (hereafter "the denial order"). He represents himself on appeal pro se.

We have attempted to discern C.S.S.'s complaints and issues on appeal, which are difficult to construe. C.S.S. appears to argue that he is eligible and entitled to expunction because he was not in fact placed on community supervision because his community supervision was unconditional and unsupervised. The substance of C.S.S.'s complaints appears to be that there were conditions omitted from his supervision order which the court could have ordered, that he was not ordered to pay a supervision fee, and that he was not ordered to perform required community service. Further, he argues, because he was not ordered to report to a supervision officer, "as a matter of logic" without supervision there can be no community supervision. We disagree. C.S.S. has failed to satisfy his burden of proving that he did not serve a term of court-ordered community supervision in connection with his criminal charge.

**DISCUSSION**

Expunction is not a constitutional or common law right, but purely a statutory privilege. *Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.); *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 648 (Tex. App.—Austin 2002, pet.

2

denied). There is no absolute right to expunction, and the trial court has no equitable power to expand the remedy. *T.C.R. v Bell Cnty. Dist. Attorney's Office,* 305 S.W.3d 661, 663-64 (Tex. App.—Austin 2009, no pet.). We review a trial court's order granting or denying expunction for abuse of discretion. *See Nail*, 305 S.W.3d at 678. However, to the extent expunction turns on a question of law, we review it de novo, because a trial court has no discretion in determining the law or applying it to the facts at hand. *Id*.

The code of criminal procedure provides an avenue by which a person can establish eligibility and entitlement to expunction. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a) (West Supp. 2011). Article 55.01 requires one seeking expunction to prove a number of elements; each element must be proven, and the burden of proving each element is on the petitioner. *See T.C.R.*, 305 S.W.3d at 663. Among these elements, the petitioner must prove that he or she "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered community supervision under 42.12* for any offense other than a Class C misdemeanor." Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (emphasis added). Absent such proof, expunction must be denied. *See T.C.R.*, 305 S.W.3d at 663.

Article 42.12 governs "community supervision," which is the statutory term for what is commonly known as "probation." Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2011). Community supervision, as relevant here, is defined as judicial placement of a defendant under a continuum of programs and sanctions, with conditions imposed by the court for a specified period,

during which criminal proceedings are deferred without an adjudication of guilt. *Id*. § 2(2); *Nail*, 305 S.W.3d at 680 (referring to this situation as "deferred adjudication community supervision or probation").

Section 11 of article 42.12 provides that the court shall determine the reasonable conditions with which a defendant must comply during a period of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a). Section 11 lists a number of conditions considered reasonable, but the court has the discretion to choose, and is not limited to, those examples expressly listed. *See id*. § 11(a)(1)-(24). While some of the conditions listed in Section 11 involve literal active supervision by the state, community supervision does not require the court to impose such conditions. *See id*. at § 11(a)(4) (requiring reporting to supervision officer); *Nail*, 305 S.W.3d at 680 ("'community supervision' clearly does not require the imposition of these [active supervisory] conditions").

Texas courts have uniformly held that court orders that provide for deferred adjudication impose "court ordered community supervision under Article 42.12" within the meaning of article 55.01 (a)(2), especially when the order imposes one or more of the conditions found in article 42.12 section 11. See *Texas Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 211 (Tex. App.—Dallas 2008, no pet.); *Texas Dep't of Pub. Safety v. Wallace*, 63 S.W.3d 805, 807 (Tex. App.—Austin 2001, no pet.). Therefore, successful completion of misdemeanor deferred adjudication renders a defendant ineligible for expunction of arrest records. *See Nail*, 305 S.W.3d at 674 (applying this reasoning to defendant who, like C.S.S., pleaded nolo contendere to misdemeanor offense, successfully completed deferred adjudication, and had his criminal charge

4

dismissed); *Wallace*, 63 S.W.3d at 807. Deferred adjudication constitutes community supervision even when the only conditions ordered are to pay a fine and court costs. *Texas Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 527 (Tex. App.—San Antonio 1997, no writ); *see also State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ) (court ordered unsupervised probation encompasses deferred adjudication).

C.S.S. repeatedly states that his community supervision was unconditional as well as unsupervised.[1] However, the findings of the trial court are to the contrary. The deferral order deferred C.S.S.'s final adjudication of guilt and placed him on community supervision for a term of six months. The order conditioned deferral of adjudication of guilt on C.S.S.'s good behavior. The order contained further conditions, including that C.S.S. pay a fine of $300, pay court costs of $220, commit no offense against the laws of this or any other state or of the United States, avoid injurious and vicious habits, avoid persons and places of disreputable or harmful character, obtain and keep gainful employment, and support any dependents. These conditions mirror many of those found in Section 11. As a result, the trial court concluded that C.S.S. had been placed under community supervision and was thereby not eligible for expunction and denied the request.

---

[1] We note that the facts here are much different from those in *State v. R.B.*, 600 S.W.2d 296 (Tex. App.—Dallas 1985, no writ), upon which C.S.S. seems to rely. There, the order deferring R.B.'s adjudication contained no conditions of probation and the order expressly stated that "there shall be no court ordered supervision or probation of Defendant under Article 42.13" (the predecessor statute). Further, it appears that the reasoning in *R.B.* has been superseded by statute and is no longer authoritative. *See Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 681 n.8 (Tex. App.—Austin 2010, no pet.) (providing detailed discussion of statutory provisions); *see also Texas Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 527 (Tex. App.—San Antonio 1997, no writ); *State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ).

C.S.S. had the burden of adducing evidence that the county court's deferral order imposed no court ordered community supervision under Article 42.12, and he failed to do so.

## CONCLUSION

The facts as found by the trial court were sufficient to support a finding that C.S.S. completed a term of court ordered community supervision. As a result, C.S.S. is not eligible for expunction.

We overrule all of C.S.S.'s issues. We affirm the order of the trial court denying expunction.

_____

Marilyn Aboussie, Justice

Before Chief Justice Jones, Justices Henson and Aboussie*

Affirmed

Filed:   July 24, 2012

*  Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment.
        *See* Tex. Gov't Code Ann. § 74.003(b) (West 2005).