# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00331-CV

### A. S., Appellant

### v.

### Texas Department of Public Safety, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-EX-14-000977, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A.S. appeals from the district court's judgment denying his petition for expunction of certain offenses charged against him. For the reasons that follow, we will affirm.

## BACKGROUND[1]

In September 2014, A.S. petitioned the District Court of Travis County for expunction of five offenses that he was charged with between 1991 and 2009. He filed under Texas Code of Criminal Procedure Article 55.01(a)(2)(B), arguing that he was entitled to have each charge expunged because:

1.  The indictment has been dismissed or quashed, and;

---

[1] Because the parties are familiar with the facts of this case and its procedural history, we provide only a general overview here. We provide additional facts in this memorandum opinion as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

2. [A.S.] has been released from the charge(s) and no final conviction exists, and;

3. The limitations period of the charge(s) expired before the date on which this petition for expunction was filed.

When he filed his petition, A.S. was incarcerated for offenses that appear to be unrelated to the charges he sought to have expunged. He filed his petition pro se and has not had legal representation at any point in these proceedings.

A.S.'s petition lacked certain information required by the Texas Code of Criminal Procedure, including A.S.'s driver's license number, the dates that the charged offenses were alleged to have been committed, the dates on which he was arrested for the alleged offenses, the court to which the cases were assigned and the corresponding case numbers, a list of entities possessing records subject to expunction, and the addresses of those entities.[2] *See* Tex. Code Crim. Proc. art. 55.02, § 2(b)(1)(E), (3), (4), (7), (8). In his petition, A.S. explained that he did not have, know, or remember each missing piece of information.

---

[2] Specifically, the expunction statute requires petitioners to provide a list, including the physical or e-mail addresses, of all:

> (A) law enforcement agencies, jails, or other detention facilities, magistrates, courts, prosecuting attorneys, correctional facilities, central state depositories of criminal records, and other officials or agencies or other entities of this state or of any political subdivision of this state;

> (B) central federal depositories of criminal records that the petitioner has reason to believe have records or files that are subject to expunction; and

> (C) private entities that compile and disseminate for compensation criminal history record information that the petitioner has reason to believe have information related to records or files that are subject to expunction.

Tex. Code Crim. Proc. art. 55.02, § 2(b)(8).

The district court set a hearing on A.S.'s petition for April 23, 2015. A.S. did not request a bench warrant to attend the hearing in person. Instead, he filed his Petitioner's Motion to Attend Hearing by Telephone Conference Call or Other Effective Means. In this motion, A.S. contended that "his physical presence is not necessary at the hearing to resolve the expungement of records and files. However, should the court determinate that his presence is required, [A.S.] requests he be allowed to proceed by telephone conference call." The motion contains no specific request to attend by any means other than teleconference. The district court denied A.S.'s request to attend via teleconference in its Order on Petitioner's Request to Attend Expungement Hearing by Teleconference.

A.S. was still incarcerated and unrepresented at the time of the hearing and did not appear in person or through counsel. The district court issued its Judgment Denying Petition for Expunction, finding that A.S. "Failed to appear in person or by attorney and wholly made default," and that "the petition omits required allegations." This appeal followed.

**DISCUSSION**

A.S. brings two issues on appeal. First, he contends that his petition satisfied all statutory requirements, leaving the district court with no discretion to deny expunction. *T.C.R. v. Bell Cty. Dist. Atty's Office*, 305 S.W.3d 661, 664 (Tex. App.—Austin 2009, no pet.) ("[I]f the petitioner demonstrates that he has satisfied each of the requirements under article 55.01(a), the trial court has a mandatory duty to grant the expunction petition."). Second, he argues that the district court erred in denying his petition for failure to appear after denying his motion to appear telephonically, thereby denying him his constitutional right to present his grievance. We review a trial court's ruling on an expunction petition for abuse of discretion. *Heine v. Texas Dep't*

3

*of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). The same standard applies to rulings on an inmate's request to appear. *Aguilar v. Alvarado*, 39 S.W.3d 244, 248 (Tex. App.—Waco 1999, pet. denied). The trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The focus is on the result rather than the trial court's reasons. *Luxenberg v. Marshall*, 835 S.W.2d 136, 142 (Tex. App.—Dallas 1992, no writ). Even if the trial court gives an incorrect legal reason for its decision, we must uphold that decision if there are any grounds in the record supporting it. *Id*. at 141–42. We conclude that the district court was within its discretion to find that the petition was deficient and will, therefore, affirm.

**Denial of Expunction**

The Texas Code of Criminal Procedure allows a person to have all records of an arrest expunged if that person has been released, the arrest did not result in a final conviction or community supervision,[3] there are no related charges pending, and the statute of limitations for prosecution has expired. Tex. Code Crim. Proc. art. 55.01(a)(2)(B).[4] Expunction is not a constitutional or common-law right, but a statutory privilege. *T.C.R.*, 305 S.W.3d at 663. This privilege is provided by article 55.01 of the Texas Code of Criminal Procedure, but expunction proceedings are civil in nature rather than criminal. *Id.* A court has no equitable power to go beyond what the statute provides, and a petitioner is only entitled to expunction when all statutory requirements are met.

---

[3] Expunction of class C misdemeanors may still be available despite court-ordered community supervision when all other statutory requirements are met. *See* Tex. Code Crim. Proc. art. 55.01(a)(2). However, none of the charges A.S. seeks to have expunged fall into this category.

[4] Subject to statutory requirements, a person who has been acquitted, pardoned, or otherwise granted relief based on actual innocence may also petition for expunction. *Id*. at 55.01(a)(1). However, A.S. did not move for expunction on this basis.

4

*Harris Cty. Dist. Atty's Office v. Burns*, 825 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *see also Carson v. State*, 65 S.W.3d 774, 781–82 (Tex. App.—Fort Worth 2001, no pet.) ("[B]ecause expunction is a statutorily created remedy, strict compliance with the statute is required."). This includes the procedural requirements listed in article 55.02. *Texas Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). Substantial compliance will not suffice. *Carson*, 65 S.W.3d at 781–82. The petitioner bears the burden of proving that the statute has been satisfied. *T.C.R.*, 305 S.W.3d at 663.

The district court was within its discretion to deny A.S.'s petition because it lacked essential information. The Texas Department of Public Safety (TDPS) argued to the district court that the petition lacked allegations that A.S. had been released, that the charges did not result in court-ordered supervision or a final conviction, and that the charges were no longer pending. *See* Tex. Code Crim. Proc. art. 55.01(a)(2) (making expunction available when these and other circumstances are met). TDPS further contended that one of the charges did, in fact, result in both community supervision and a final conviction. In his brief to this Court, A.S. conceded that he was not entitled to expunction of that particular charge but maintained that the district court "should've ruled on the remainder of the offenses." A.S. further contends that the petition did allege that the requirements of article 55.01(a) were satisfied. On appeal, TDPS also notes that the petition was lacking crucial information required in article 55.02, § 2(b). A.S. concedes that he did not include all of the requisite information but argues that he nevertheless satisfied article 55.02, § 2(b) by providing an explanation of why the information was missing. *See* Tex. Code Crim. Proc. art. 55.02, § 2(b) ("The petition must be verified and must include the following *or an explanation for why one or more of the following is not included*") (emphasis added).

5

It was A.S.'s burden to prove that he was eligible for expunction under article 55.01(a)(2)(B) and to comply with all statutory requirements, including the requirement that he list certain information in his petition. *See T.C.R.*, 305 S.W.3d at 663. A.S.'s petition contains a blanket allegation that he had been released, that the charges did not result in court-ordered supervision or a final conviction, and that the charges were no longer pending—although he subsequently conceded that these allegations are inaccurate as to at least one offense. Regardless, much of the information required by article 55.02 is missing. Further, A.S.'s excuses for not including this information—that he did not remember or did not know—do not explain why he could not obtain the necessary information himself rather than placing the burden of research on the courts.[5] In light of the fact that A.S. was required to comply with the expunction statute strictly, *see Deck*, 954 S.W.2d at 112, we cannot fault the district court for declining to accept A.S.'s less than compelling excuses. We conclude that the district court did not abuse its discretion by denying A.S.'s petition and overrule his first point of error.

**Denial of Motion for Telephonic Hearing**

A litigant cannot be denied access to the courts simply because he is incarcerated. *Byrd v. Attorney Gen.*, 877 S.W.2d 566, 569 (Tex. App.—Beaumont 1994, no writ), *disapproved of on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). However, prisoners do not enjoy an absolute right to make a personal appearance in civil proceedings such as

---

[5] We note that much of the missing information appears to be public or readily attainable, such as A.S.'s own driver's license number, case numbers, the courts to which the cases were assigned, and the addresses of public entities that would have records of the charges. Tex. Code Crim. Proc. art. 55.02, § 2(b)(1)(E), (7), (8). If there was a legitimate reason why this information was beyond A.S.'s grasp, he did not list that reason in his petition.

expunction hearings. *Id.* "The right of a prisoner to have access to the court entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party." *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved of on other grounds by In re Z.L.T.*, 124 S.W.3d at 166. If the trial court denies an inmate's request to appear personally,[6] the inmate should be allowed to proceed by some other means such as a teleconference, affidavit, or deposition. *Id.* A trial court abuses its discretion if it effectively bars the inmate from presenting his case. *Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied).

A.S. complains that the district court denied him his constitutional right to present his case by denying expunction after denying his request to appear via teleconference. TDPS counters that A.S.'s appearance would have been futile in light of the petition's deficiencies, which establish a lack of strict compliance with the expunction statute and cast doubt on whether the relevant agencies ever received notice. A.S. did not request a bench warrant in order to attend the hearing in person. Instead, he asserted that his presence was unnecessary but requested a teleconference in the event that the district court required his presence. The record does not indicate that A.S. made any request to participate by any other means. Nor does the record suggest that the district court prevented or specifically provided for him to participate by any other means. Under these

---

[6] When a prisoner requests a bench warrant to make a physical appearance at a civil trial or hearing, the trial court employs a multi-factored balancing test to determine whether the prisoner's need to attend justifies the resulting strain on our correctional system. *In re Z.L.T.*, 124 S.W.3d 163, 165–66 (Tex. 2003). We will not address whether A.S. was entitled to attend the hearing in person because he specifically contended that his physical presence was unnecessary and sought only to appear via teleconference if his physical presence was requested by the district court.

7

circumstances, we cannot say that A.S. was effectively barred from presenting his case. *See Armstrong*, 881 S.W.2d at 57.

It is somewhat troubling that the district court found that A.S. "wholly made default" after denying his motion to appear via teleconference. However, we reiterate that expunction is only available upon strict compliance with the statute and that the statute requires certain information to be listed in the petition itself rather than alleged later at a hearing. *See Carson*, 65 S.W.3d at 781–82; Tex. Code Crim. Proc. art. 55.02, § 2(b). We cannot conclude that the district court abused its discretion by listing default as a reason for denying the petition because we have already found that the district court was within its discretion to deny the petition for lack of essential information. *Luxenberg*, 835 S.W.2d at 141–42 ("When a trial court gives an incorrect legal reason for its decision, we will nevertheless uphold the order on any other grounds supported by the record" under the abuse of discretion standard of review). We overrule A.S.'s second issue.

## CONCLUSION

Having concluded that the district court did not abuse its discretion, we affirm its Judgment Denying Petition for Expunction.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed: December 31, 2015