

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00032-CV

**EX PARTE N.M.**

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVCM-23-0000020
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Irene Rios, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: October 16, 2024

AFFIRMED

Appellant N.M. challenges an order denying his petition to expunge records under Texas

Code of Criminal Procedure article 55.01. We affirm the trial court's order.

### BACKGROUND

On March 27, 2003, N.M. pleaded guilty to aggravated sexual assault in Cause Number

3354-02 in the 216th Judicial District Court of Bandera County. The trial court signed a

judgment deferring adjudication, placed N.M. on probation for ten years, and ordered him to

comply with several conditions of probation.

On December 21, 2022, the trial court signed an order in Cause Number 3354-02 finding

that N.M. "satisfactorily fulfilled the conditions of [his] deferred adjudication community

supervision (probation), that the Court has not proceeded to an adjudication of guilt, and that the

term of [N.M.'s] probation has expired." The court therefore dismissed the proceedings in Cause Number 3354-02 and "discharge[d] [N.M.] from probation."

N.M. subsequently filed a petition to expunge the records related to Cause Number 3354-02. Because he was incarcerated out-of-state[1] and lacked access to Texas legal authority, he also filed a motion requesting appointed counsel. The Texas Department of Public Safety filed an answer arguing N.M. was not entitled to expunction because the 2003 deferred adjudication order included court-ordered community supervision. N.M. filed a motion to strike DPS's answer and a separate motion asking the trial court to order DPS to send him copies of the authority cited in the answer.

On October 11, 2023, N.M. appeared by telephone for a hearing on his expunction petition. At the conclusion of the hearing, the trial court orally denied the petition. N.M. filed a request for findings of fact and conclusions of law and a motion to vacate, modify, correct, or reform the judgment. The trial court subsequently signed findings of fact and conclusions of law and written orders denying N.M.'s expunction petition and his motion to vacate, modify, correct, or reform the judgment. This appeal followed.

## ANALYSIS

In seven issues we construe as three, N.M. challenges the trial court's order denying his expunction petition. He argues: (1) the order of deferred adjudication in Cause Number 3354-02 was not a "final conviction" that would preclude expunction;[2] (2) the trial court violated his due

---

[1] N.M.'s incarceration is not related to Cause Number 3354-02.

[2] As part of this issue, N.M. argues the deferred adjudication order was not a "reportable conviction" as defined by Texas Code of Criminal Procedure article 62.001(5), which applies to Texas's sex offender registration program. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5). He also contends that both article 62.001(5) and section 12.42(g) of the Texas Penal Code, which defines "previously convicted" for purposes of punishment enhancement, are unconstitutionally vague. *See* TEX. PENAL CODE ANN. § 12.42(g). N.M. did not assert any challenges to article 62.001(5) or section 12.42(g) in his expunction petition. *See Tex. Dep't of Protective & Regul. Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (declining to consider constitutional claims not asserted in trial court pleadings). Furthermore, he contends in his reply brief that he is not challenging the sex offender registration requirements in

process rights by denying his motion for appointment of counsel and by moving forward with the expunction proceeding when he lacked access to Texas legal authority; and (3) the trial court should have stricken DPS's answer because it was not a proper respondent in this matter.

### Standard of Review and Applicable Law

"Expunction is a civil remedy governed by Article 55.01 of the Texas Code of Criminal Procedure." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 316 (Tex. 2021). Article 55.01 provides, "[a] person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if" certain conditions are met. TEX. CODE CRIM. PROC. ANN. art. 55.01(a). The conditions relevant here include a showing that the person seeking expunction "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A[3] for the offense, unless the offense is a Class C misdemeanor[.]" TEX. CODE CRIM. PROC. art. 55.01(a)(2). For the purpose of applying article 55.01(a)(2), "[c]ourt-ordered community supervision includes deferred-adjudication community supervision." *Ex parte A.G.*, No. 13-20-00326-CV, 2021 WL 3669332, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 19, 2021, no pet.) (mem. op.); *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 681 (Tex. App.—Austin 2010, no pet.) (op. on reh'g) (noting deferred adjudication constitutes court-ordered community supervision "when the order imposes one or more of the 'conditions' under [former] article 42.12, section 11").

---

this proceeding. *See Miller v. Kennedy & Minshew, Pro. Corp.*, 142 S.W.3d 325, 335–36 (Tex. App.—Fort Worth 2003, pet. denied) (declining to consider issue abandoned in reply brief). For these reasons, we will not consider any issues regarding article 62.001(5) or section 12.42(g).

[3] Effective January 1, 2017, Chapter 42A of the Texas Code of Criminal Procedure re-codified what was formerly known as article 42.12. *See Shortt v. State*, 539 S.W.3d 321, 322 n.1, 2 (Tex. Crim. App. 2018). The Texas Court of Criminal Appeals has recognized that "the Legislature expressly declared that no substantive change in the law was intended." *Moore v. State*, 520 S.W.3d 906, 908 n.3 (Tex. Crim. App. 2017). Article 42.12 was still in effect when the trial court signed the 2003 deferred adjudication order.

The petitioner bears the burden to show he satisfies article 55.01's requirements. *See, e.g.*, *Ex parte S.B.H.*, No. 12-19-00378-CV, 2020 WL 7392773, at *2 (Tex. App.—Tyler Dec. 16, 2020, no pet.) (mem. op.); *Ex parte Burton*, No. 04-17-00440-CV, 2018 WL 6624902, at *3 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (mem. op.). "Because the remedy [of expunction] is a privilege defined by the Legislature, and not a constitutional or common-law right, the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts." *Ex parte R.P.G.P.*, 623 S.W.3d at 316; *Ex parte J.C.F.*, 645 S.W.3d 783, 787 (Tex. App.—San Antonio 2022, no pet.).

We generally review a trial court's ruling on an expunction petition for abuse of discretion. *Ex parte J.C.F.*, 645 S.W.3d at 787. However, if the ruling turns on a pure question of law, such as an issue of statutory construction, we review it de novo because the trial court has no discretion in determining what the law is or applying it to the facts. *Ex parte Burton*, 2018 WL 6624902, at *2; *Ex parte J.C.F.*, 645 S.W.3d at 789 (holding trial court erred by granting expunction where petitioner failed to satisfy article 55.01(a)(2)).

To prevail on appeal, N.M. must establish both that the trial court erred and that he was harmed by the purported errors. TEX. R. APP. P. 44.1(a); *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.) (holding trial court's error in expunction proceeding "was harmless because of the improbability of appellant's success on the merits"). An appellant establishes harm by showing that the trial court's errors probably resulted in an improper judgment or probably prevented the appellant from properly presenting his case to this court. TEX. R. APP. P. 44.1(a).

### *Application*

N.M. attached the deferred adjudication order from Cause Number 3354-02 to his expunction petition. That order showed N.M. pleaded guilty to aggravated sexual assault, which

is a felony. *See* TEX. PENAL CODE ANN. § 22.021(a), (e). Accordingly, under the plain language of article 55.01(a)(2), N.M. was not entitled to an expunction unless he demonstrated that Cause Number 3354-02 did not result in a final conviction, the charge in that matter was no longer pending, *and* "there was no court-ordered community supervision" in that matter. TEX. CODE CRIM. PROC. art. 55.01(a)(2); *Ex parte S.B.H.*, 2020 WL 7392773, at *2. These are three separate elements, and N.M. bore the burden to satisfy all of them. *See, e.g.*, *T.C.R. v. Bell Cnty. Dist. Att'y's Off.*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.). On this record, the trial court correctly determined he did not satisfy the final element.

The deferred adjudication order imposed multiple requirements on N.M., including confinement in the Bandera County Jail for six months; drug testing, electronic monitoring, and sex offender counseling; and a requirement that N.M. "[c]ommit no offense against the laws of this State, of any other State or of the United States." The order cautioned N.M. that his probation was conditioned on compliance with those terms and that failure to comply could lead to his arrest and an adjudication of guilt. *See Nail*, 305 S.W.3d at 682–83. These conditions— several of which involved "active, literal supervision by the State"—constituted court-ordered community supervision. *See id.* at 680–84; *see also* Act of June 17, 1997, 75th Leg., R.S., ch. 700, § 11 (former article 42.12 § 11, describing "conditions of community supervision"; repealed 2017, currently codified at TEX. CODE CRIM. PROC. ANN. art. 42A.051, 42A.104(a)). As a result, the trial court had no discretion but to deny N.M.'s expunction petition. TEX. CODE CRIM. PROC. art. 55.01(a)(2); *Ex parte J.C.F.*, 645 S.W.3d at 789 ("The face of the record shows [appellant] received court-ordered community supervision, and the expunction provision expressly excludes him from the privilege of expunction."); *Ex parte A.G.*, 2021 WL 3669332, at *2 (trial court must "strictly comply with the statutory procedures for expunction"). We therefore conclude that the trial court did not err in denying N.M.'s expunction petition.

N.M. also complains about trial court rulings separate from—but related to—the trial court's decision to deny his expunction petition. But, as described above, we are not authorized to reverse the trial court's judgment unless the trial court committed error that probably resulted in an improper judgment or probably prevented the appellant from properly presenting his case to this court. TEX. R. APP. P. 44.1(a). Here, because N.M. was not entitled to an expunction under the plain language of article 55.01(a)(2), the purported related errors he asserts on appeal could not have resulted in a judgment that improperly denied his expunction petition or prevented him from presenting his issues to this court. *Id.* Those errors, if any, were therefore harmless. *See id.*; *Ex parte A.G.*, 2021 WL 3669332, at \*5 (overruling due process complaint because appellant was not entitled to expunction as a matter of law); *Mitchell v. State*, No. 09-20-00060-CV, 2020 WL 6494209, at \*4 (Tex. App.—Beaumont Nov. 5, 2020, pet. denied) (mem. op.) (concluding asserted error was harmless because "[appellant] failed to satisfy the expunction statute and his expunction claim is meritless").

We overrule N.M.'s issues in their entirety.

## CONCLUSION

We affirm the trial court's order.

Beth Watkins, Justice