**Terry PITTS, Appellant,**

v.

**The STATE of Texas, the Harris County Sheriff's Department, the Harris County District Clerk, and the Harris County District Attorney's Office, Appellees.**

**No. 01-02-00064-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 1, 2003.

Terry Pitts, Hondo, pro se.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Michael A. Stafford, Harris County Attorney, Brian L. Rose, Assistant District Attorney, Michael R. Hull, Assistant County Attorney, Houston, TX, for Appellees.

Panel consists of Justices HEDGES, TERRY JENNINGS and ALCALA.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Terry Pitts, an inmate of the Texas Department of Criminal Justice—Institution Division (TDCJ—ID), proceeding pro se and *in forma pauperis,* appeals from the trial court's denial of his petition for expunction. In two points of error, appellant argues that the trial court erred in (1) denying appellant's motion requesting appointed counsel to represent him, and (2) not preparing findings of fact and conclusions of law. We affirm.

### Facts and Procedural Background

In June 1992, appellant was indicted for murder, aggravated assault, aggravated robbery, and aggravated sexual assault. In May 1993, appellant was indicted for injury to a child. All of the charges brought against appellant related to a single criminal episode. In July 1993, following a bench trial on the charge alleged in the 1993 indictment, appellant was convicted of injury to a child, and, after the trial court made an affirmative finding that a deadly weapon was used in the commission of the offense, appellant was sentenced to 45 years in prison.

The Harris County District Attorney subsequently filed a motion to dismiss the charges brought against appellant in the 1992 indictment. In its motion, which was granted, the reason given for the dismissal sought was "The Defendant was convicted in another case or count."

In February 2000, appellant filed a petition seeking expunction of all records relating to his arrest on the charges alleged in the 1992 indictment. On December 12, 2001, the trial court conducted an evidentiary hearing on appellant's petition and, at the close of the hearing, denied appellant's petition.

### Expunction Statute

A person who has been arrested for the commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged under certain conditions imposed by statute. TEX.CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon Supp.2003). A statutory expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statutory conditions rests solely with the petitioner. *Tex. Dep't of Public Safety v. Katopodis,* 886 S.W.2d 455, 457 (Tex.App.-Houston [1st Dist.] 1994, no writ).

Article 55.01 requires strict compliance with conditions imposed by the statute; courts have no equitable power to expunge criminal records. *Id.* at 458. The parties agree that the relevant section of article 55.01 is (a)(2), which provides, in part, that, to be entitled to expunction when criminal charges are dismissed, the

party seeking expunction must show that each of the following conditions exists:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed ...; or

(ii) the court finds that the indictment or information was dismissed or quashed *because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;*

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision ...; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2) (Vernon Supp.2003) (emphasis added). The purpose of article 55.01 is to enable persons who are wrongfully arrested to expunge their records. *Katopodis*, 886 S.W.2d at 457.

Here, the parties agree that appellant met the requirements of sections (a)(2)(B) and (C) of the statute. The focus of the dispute at the evidentiary hearing was appellant's argument that the presentment of the charges brought against him in the 1992 indictment was based on "mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense," or that the 1992 indictment was void. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii).[1]

### Appointment of Counsel

■ In his first point of error, appellant, who is indigent, argues that the trial court abused it discretion in denying his motion for appointment of counsel to represent him in the expunction proceeding. In support of his motion, which was filed and presented to the trial court for the first time at the evidentiary hearing, appellant argued simply that the trial court should appoint counsel to assist him because, "Evidently, I'm not doing everything right. I need—attorney [sic] to assist me." The trial court then denied the motion.

■ Appellant relies chiefly on federal case law in support of his argument on this point. However, appellant seeks relief under Texas' expunction statute, not a federal law or statute. Under Texas law, in certain civil proceedings designated by statute, a trial court must appoint counsel to represent indigent litigants.[2] Other-

---

1. It is unclear from the record whether the limitations periods for the dismissed offenses, with the exception of the murder charge, had expired at the time appellant filed his petition for expunction. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(i).

2. *See, e.g.,* TEX. FAM.CODE ANN. § 51.10 (Vernon 2002) (regarding juvenile delinquency cases); *id.* § 107.013 (Vernon 2002) (regarding parental termination cases); TEX. HEALTH & SAFETY CODE ANN. § 574.003 (Vernon 1992) (regarding applications for involuntary mental health treatment and commitment).

wise, a district court may, in its discretion, appoint counsel for an indigent party in a civil case. TEX. GOV'T CODE ANN. § 24.016 (Vernon 1988).

The Texas Supreme Court has "never held that a civil litigant must be represented by counsel in order for a court to carry on its essential, constitutional function," although it has acknowledged that, "in some exceptional cases, the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590, 594 (Tex.1996); *see also Coleman v. Lynaugh,* 934 S.W.2d 837, 839 (Tex.App.-Houston [1st Dist.] 1996, no writ).

As appellant acknowledges in his brief, "there is no automatic right to the appointment of counsel" in an expunction proceeding. Moreover, there is no statutory right to appointed counsel in an expunction proceeding. We hold that expunction proceedings are not "exceptional cases" requiring trial courts to appoint counsel for indigent litigants, and here, the trial court did not abuse its discretion in denying appellant's motion for appointment of counsel.

We overrule appellant's first point of error.

### Findings of Fact and Conclusions of Law

■ In his second point of error, appellant argues that the trial court erred in failing to prepare findings of fact and conclusions of law.

■ Following a bench trial, any party may request that the trial court make written findings of fact and conclusions of law. TEX.R. CIV. P. 296. Findings of fact and conclusions of law may be requested even when, as here, a trial court

renders judgment after the plaintiff rests his case. *See Qantel Bus. Sys. v. Custom Controls, Co.,* 761 S.W.2d 302, 304 (Tex. 1988). Findings of fact are not conclusive on appeal, however, even if unchallenged, when a reporter's record of the evidentiary proceedings is prepared and included as part of the appellate record. *Zac Smith v. Otis Elevator Co.,* 734 S.W.2d 662, 666 (Tex.1987). Legal conclusions made by the trial court are also not binding upon an appellate court; we review any such conclusions of law *de novo. Connelly v. Paul,* 731 S.W.2d 657, 661 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.). When a trial court does not file findings as requested, we must presume harm unless the record affirmatively shows that the complaining party suffered no harm. *Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex. 1996).

The record shows that, at the conclusion of the expunction hearing, appellant orally requested the trial court to prepare findings of fact and conclusions of law. Appellant contends that he also filed written requests for findings and conclusions, although no such request appears in the clerk's record presented on appeal. The clerk's record does contain appellant's "Notice of Past Due Findings of Fact and Conclusions of Law," in which he asserts that he filed a written request for findings and conclusions within 20 days after the expunction hearing. TEX.R. CIV. P. 296. Assuming, without deciding, that appellant did file a timely written request for findings of fact and conclusions of law, we will review the record to determine whether it affirmatively shows that appellant suffered no harm from the lack of such findings and conclusions.

To prevail on the merits of his petition, appellant was required to present evidence showing that the charges alleged in the 1992 indictment were dismissed "because

the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe [appellant] committed the offense." Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii).

At the expunction hearing, appellant testified by narrative form, in relevant part, as follows:

All right. I will, through my testimony, show the Court—this is—I'm trying to get all four charges dismissed. I'm going to start with each one of them ... give probable cause as well as false information or other similar reasons that indicates the dismissal of—offense.

First, the murder. Your Honor, I would say that there was no probable cause other than—complaining witness against me, which became a suspect herself. There's a murder weapon. Doesn't have any fingerprints on it. There were polygraphs taken where the witness failed. And the detective of—of homicide who took the stand said the complaining witness—still a suspect.

Other probable cause shows this was dismissed because of false information. As you said—I mean, it's a—statute says because there wasn't probable cause, as well as similar reasons indicating absence of probable cause.

I would think any time—district attorney gives a polygraph test to someone, and—and especially a complaining witness, and he failed it—that's probable cause: someone's lying.

And there's—false information has been given. To meet the statute—that's the only reason I'm giving this testimony, sir.

. . . .

I was accused of robbing someone in a bank, making—forcing someone to withdraw money. All the time, I'm contesting my innocence to this. Bank pictures shows [sic] I wasn't, clearly, nowhere in the bank. Complaining witness—there by—self withdrawing money.

. . . .

To make this point real simple, when someone made the complaint against me, everybody thought—upright citizen, and they ran on it. They believed everything that was said against me. But then, after—investigated, indictment already given, I gave a statement. Things were investigated. I was told by the district attorney's office, as well as others, that they knew I committed these crimes.

I go on to rob—aggravated robbery, as the term says. There was no weapon, once again, for aggravated robbery, which is false information. There's—there's no pictures of me at the bank, but it is the witness who says she was robbed at the bank by herself, for which is false information again and probable—reason to doubt probable cause.

Also the detective testified in the matter—moving on to the sexual assault, sir, the third cause I'm trying to get expunged. There's no DNA from me. There's a polygraph taken by me that I passed. They had a lot of information they knew was false. They just say false information to dismiss the indictment.

. . . .

I don't think—like you say, statute of limitation of murder—there's no statute of limitation. If—if there was probable cause, I would have been down there locked up and charged with the crime now and probably convicted. So that, among itself, shows there's a lack of probable cause and that there's been false information provided to the district attorney's office, or they would have

been pursuing conviction for it.... Everybody in Harris County knows Harris County is not lenient on no one. There's a crime committed—for it—you going—you going to get punished for it.

Appellant then called Harris County Assistant District Attorney Kelly Siegler as a witness. Siegler was the assistant district attorney who prosecuted appellant for the charge presented in the 1993 indictment and who filed the motion to dismiss the charges presented against appellant in the 1992 indictment. Siegler testified, in part, as follows:

Q: Would you inform the Court if there was probable cause—believe that someone else committed the crime other than the defendant—other than the petitioner in this case, Terry Pitts?

A: Someone else committed the crime along with you.

. . . .

Q: Okay. No one, in your opinion that-who could've committed these crimes other than Terry Pitts?

A: No. My opinion is Helena Douglas committed the crime with you. That's my opinion.

. . . .

Q: There's four charges I'm trying to get expunged today: Murder, attempted murder, aggravated assault, and aggravated sexual assault ... [a]nd aggravated robbery. Was there a witness giving information against Pitts? Against petitioner? Myself?

A: Yes, sir.

. . . .

Q: Who is that?

A: Marcus Douglas is the first one.

Q: Who is the second?

A: Helena Douglas.

Q: Okay. What—direct attention to the second name you mentioned. You

mention [sic] Helena Douglas. Would you verify to the Court if there was any information that was given to you that was later found to be false?

A: The initial—yes.

Following this exchange, appellant did not question Siegler further.

In response to questioning from counsel for the Harris County District Attorney's Office, Siegler testified that, at the time the charges alleged against appellant in the 1992 indictment were dismissed, she believed, and still believes, that probable cause existed that appellant committed those offenses. Siegler also testified that the charges alleged in the 1992 indictment were not dismissed because of any mistake or false information. When asked why she sought to have the charges in the 1992 indictment dismissed, Siegler explained as follows:

Because Judge Kegans gave [appellant] a sentence of 45 years. There's not a whole lot of difference between that and a life sentence. We tried the best case we had, using Marcus Douglas as the main witness, avoiding as much as we could having to use Helena Douglas as a witness. When he got such a long sentence, there was no need to try him again, and probably Judge Kegans would've run any sentence he received concurrently anyway. So I dismissed other [sic] charges. It had nothing to do with the fact that no probable cause was ever there from the beginning, up until this date.

Just before announcing its ruling, in an exchange with appellant, the trial court explained the basis for its decision as follows:

The Court: So what you're left with is trying to show that there was no probable cause—what you're left with is that the indictment, or presentment, had been made because of a mistake, false information, or similar reason in-

dicating the absence of probable cause. That's where our focus is at this point.

Mr. Pitts: Okay. I'm trying to show the Court, according to testimony, that there was a statement made concerning false information. I—is—

The Court: But you haven't tied that— you're right. The witness got up on the stand today and said she received some false information from this witness.

Mr. Pitts: Okay.

The Court: But you never tied that up to it being false information that would indicate the absence of probable cause to have indicted you. And that's what you have to tie it to. Matter of fact, I never heard anyone solicit [sic] any testimony as to the specifics of what was false and what wasn't, so I don't know.

Here, the record indicates appellant presented no evidence to show that the charges alleged against him in the 1992 indictment were dismissed because of mistake, false information, or other similar reason to indicate a lack of probable cause that appellant committed the offenses alleged. The trial court also explained the basis for its ruling at the hearing. Based on the record presented, we hold that the trial court's failure to prepare findings of fact and conclusions of law was not harmful to appellant's ability to present his case on appeal. *See* TEX.R.APP. P. 44.2(b); *Tenery*, 932 S.W.2d at 30.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court. All pending motions are denied.