NO. 07-05-0046-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 10, 2007

_____

EX PARTE RUBEN NARANJO BALDIVIA

_____

FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;

NO. B7603-0008; HON. ROBERT W. KINKAID, JR., PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

MEMORANDUM OPINION

Appellant Ruben Naranjo Baldivia, an inmate in the Institutional Division of the Texas Department of Criminal Justice, proceeding *pro se* and *in forma pauperis,* brings this appeal from an order of the trial court denying his petition for expunction of the record of his arrest and trial for murder of which he was acquitted by a jury. In presenting his appeal, appellant presents three points of error for our review. In those points, he queries whether: 1) the trial court abused its discretion and violated appellant's federal and constitutional right to due process of law in the manner in which it conducted the hearing at which it

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

denied appellant's petition; 2) the trial court abused its discretion in entering its order denying appellant's petition seeking expunction without notifying law enforcement agencies of appellant's petition; and 3) the trial court reversibly erred in entering its order *sua sponte* finding that appellant was convicted of another offense that occurred during the same criminal episode. Disagreeing that reversal is mandated, we affirm the trial court's judgment.

In the proceeding before the trial court, as we noted, appellant sought expunction of the records of a murder charge filed against him on June 21, 1985, in Cause No. 1640 in Castro County. After a jury trial, on April 14, 1986, appellant was acquitted of the charge. Because of the somewhat convoluted history of this matter, we must recite it in some detail.

On January 28, 2005, appellant's petition was denied by the trial court without a hearing because "the facts necessary to determine the issue are available in the judicially noticed files." The trial court went on to find that based upon an opinion of this court affirming appellant's conviction of burglary of a habitation in a related case, the facts giving rise to the murder charge arose out of the same criminal episode that resulted in the burglary conviction, and appellant was, therefore, not entitled to expunction of the murder charge.

A person who has been arrested for the commission of either a felony or misdemeanor is entitled to have all records and files expunged if he meets certain conditions imposed by statute. Tex. Code Crim. Proc. Ann. art. 55.01 (Vernon Supp. 2006). A statutory expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statutory conditions rests solely with the petitioner.

2

The nature of the expunction statute is remedial and it should be construed liberally. *Ex parte E.E.H.,* 869 S.W.2d 496, 497 (Tex. App.–Houston [1st Dist.] 1993, writ denied). Even so, article 55.01 requires strict compliance with the conditions imposed by the statute, and courts have no equitable power to expunge criminal records. *Pitts v. State*, 113 S.W.3d 393, 395 (Tex. App.–Houston [1st Dist.] 2003, no pet.). There is no automatic or statutory right to the appointment of counsel in an expunction proceeding and the decision whether or not to appoint an attorney is within the discretion of the trial court. *Id.* at 397. The judgment of the trial court must be affirmed if it can be upheld on any reasonable theory supported by the evidence. *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 200 (Tex. App.–Houston [14th Dist.] 1992, writ denied). Furthermore, a court may rule upon an applicant's right to expunction without holding a hearing if all of the facts necessary to determine the issue are before the court. *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.–Waco 1994, no writ). Finally, it is established that a court can judicially notice its own records. *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 171 (1943).

In relevant part, article 55.01 provides that a person who has been placed under arrest for a felony is entitled to have all records and files relating to the arrest expunged if the person is tried for the offense for which he was arrested and is acquitted by the trial court with the exception that such an expungement may not be ordered if "the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode." Tex. Code Crim. Proc. Ann. art. 55.01(a)(1)(A) & (c) (Vernon Supp. 2006).

The Penal Code defines a criminal episode as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances: (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or (2) the offenses are the repeated commission of the same or similar offenses." Tex. Pen. Code Ann. §3.01 (Vernon 2003).

The nature of this proceeding requires us to make somewhat detailed references to our January 12, 1989 opinion in Cause No. 07-87-0283-CR referred to by the trial court in its order denying expunction. Examination of that opinion reveals that the murder charge of which appellant was acquitted and the burglary charge upon which he was convicted arose out of a sequence of events that occurred in Castro County on June 6, 1985. Robert Ballard and his wife Frances were awakened during the night by their dog barking. Mrs. Ballard saw the reflection of lights on a car turning into their residence's circular drive. A few moments later she again heard her dog barking, got out of bed, and saw two men coming around the corner of a residence located on the property speaking together in the Spanish language. They unsuccessfully tried to quiet the dog.

She notified her husband, but he did not get out of bed because he thought they would leave when they found no one was at home in the residence. Later, however, Mrs. Ballard noticed some dim lights on in the house and again awakened her husband. After telling her to lock the door behind him, Mr. Ballard took a gun and went outside. She heard him ask the men if they had a key to the other residence and other conversation she could not understand. She then heard a vehicle start, she heard a shot from her husband's gun,

4

and she heard him say "I told you to leave and I meant it." Mrs. Ballard additionally heard him tell the dog to charge. She then heard two more shots followed by the sound of the vehicle leaving the scene. She went outside and found her husband lying unconscious by the side of the other residence and he died without regaining consciousness. Later investigation revealed that the other residence had been broken into, several items moved, and appellant's fingerprints were found on a kerosene lamp located inside that residence.

Appellant was initially charged with capital murder, murder, and burglary of a habitation. However, prior to trial, the capital murder and burglary charges were dismissed, and the State proceeded to trial on the murder charge. That trial resulted in the acquittal giving rise to this expunction proceeding. Later, appellant was indicted for burglary and, after a claim of double jeopardy as to the burglary was denied, the case proceeded to trial and appellant was convicted of burglary, which was affirmed by this court primarily because of the fingerprint evidence found inside the other residence which necessarily must have been made at the time of an illegal entry.

Our review of this background satisfies us that the trial court was entitled to take judicial notice of the factual history of this proceeding and that it was justified in the conclusion that the offense for which appellant was acquitted arose out of the same criminal episode that resulted in appellant's conviction of burglary. That being so, the trial court did not abuse its discretion in refusing to expunge the records pertaining to the murder charge. *See* Tex. Code Crim. Proc. Ann. art. 55.01(c) (Vernon Supp. 2006).

John T. Boyd
Senior Justice

5