NO. 07-10-0215-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 5, 2011

_____


EX PARTE AJMAN A. ADIL

_____


FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 98,039-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

The State of Texas appeals an order by the trial court expunging the arrest records of Appellee, Ajman A. Adil. In a single issue, the State asserts the trial court erred by entering an order of expunction because the evidence was legally and factually insufficient. We affirm.

**Background**

On February 10, 2004, Appellee was arrested and subsequently indicted by a Potter County Grand Jury for felony possession of marijuana in an amount of two

thousand pounds or less but more than fifty pounds.[1]  On September 1, 2004, the indictment was dismissed.[2]

More than five years later, on October 22, 2009, Appellee filed a verified petition for expunction, requesting that all criminal records and files pertaining to her February 10, 2004 arrest be expunged.  *See* Tex. Code Crim. Proc. Ann. articles 55.01 and 55.02 (West Supp. 2010).[3]  On November 5, 2009, the State filed its answer wherein the State generally denied the allegations in Appellee's petition, while specifically asserting that Appellee did not meet the requirements of article 55.01(a)(2)(A)(ii), to-wit: dismissal of an indictment due to mistake, false information, or other similar reason indicating an absence of probable cause to believe that Appellee had committed the offense or because it was void.  In response to the State's averments, Appellee asserted the reason for the dismissal was irrelevant to her petition because she was relying solely upon the provisions of article 55.01(a)(2)(A)(i), to-wit: lapse of the applicable period of limitations.[4]

On December 21, 2009, the trial court conducted a hearing.  At that hearing, counsel for the State appeared and announced that the "crux" of the dispute was

---

[1]*See* Tex. Health & Safety Code Ann. § 481.121(b)(5) (West 2010).

[2]The State's *Motion to Dismiss* recites as grounds for the dismissal that the "[o]fficer failed to show for suppression hearing."

[3]Throughout the remainder of this opinion, provisions of the Texas Code of Criminal Procedure will be cited as either "article _____" or "art. _____."

[4]The applicable statute of limitations for an offense under § 481.121(b)(5) of the Texas Health & Safety Code, the offense for which Appellee was arrested, is three years.  *See* Tex. Code Crim. Proc. Ann. art. 12.01(7) (West Supp. 2010).

whether the statute of limitations had run or not. *See* Tex. Code Crim. Proc. Ann. art. 12.01 (West Supp. 2010). Specifically, the State asserted that the time during which Appellee had resided outside the state should not be included in computing whether or not the applicable limitations period had expired. *See* Tex. Code Crim. Proc. Ann. article 12.05 (West 2005). The State, therefore, sought to establish that Appellee had resided outside the State of Texas during the period in question.

Receiving no objection from Appellee's counsel, the State proceeded with the burden of persuasion by calling Appellee as a witness. The State offered evidence that, since Appellee's arrest, she had been a resident of Rhode Island and, with the exception of the three to four days she spent in Texas at the time of her arrest, had not returned to Texas. Based on this evidence, the State argued that the applicable period of limitation was tolled by the provisions of article 12.05.[5] No other evidence was presented and the trial court took the matter under advisement. On May 19, 2010, the trial court granted Appellee's petition for expunction. Neither party requested findings of fact or conclusions of law and this appeal followed.

---

[5]Article 12.05 provides, in pertinent part:

> (a) The time during which the *accused* is absent from the state shall not be computed in the period of limitation.

(Emphasis added).

# Expunction

The right to expunction is neither a constitutional nor common law right but, rather, a statutory privilege. *Quertermous v. State*, 52 S.W.3d 862, 864 (Tex.App.--Fort Worth 2001, no pet.). Therefore, in expunction proceedings, trial courts "have no inherent or equitable power to expunge criminal records"; *Ex parte M. R. R.,* 223 S.W.3d 499, 500 (Tex.App.--Amarillo 2006, pet. denied), *overruled in part on other grounds, State v. Beam,* 226 S.W.3d 392, 394-95 (Tex. 2007), and, if a trial court fails to comply with the statutory procedures for expunction, it commits reversible error. *State v. Echeverry*, 267 S.W.3d 423, 425 (Tex.App.--Corpus Christi 2008, pet. denied). However, because the statute is remedial in nature, those statutory provisions should be liberally construed. *Ex parte E. E. H.* 869 S.W.2d 496, 497 (Tex.App.--Houston [1st Dist.] 1993, writ denied).

Expunction proceedings are authorized by Chapter 55 of the Texas Code of Criminal Procedure and are considered civil causes of action, not criminal. *Ex parte Wilson*, 224 S.W.3d 860, 861 (Tex.App.--Texarkana 2007, no pet.); *Pitts v. State*, 113 S.W.3d 393, 395 (Tex.App.--Houston [1st Dist.] 2003, no pet.). Article 55.01 provides, in pertinent part, as follows:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

* * *

(2) each of the following conditions exist:

4

(A)    An indictment or information charging the person with the commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested; or if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

    (i)    the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

    (ii)    the court finds that the indictment or information was dismissed or quashed because presentment had been made because of mistake, false information, or other similar reason indicating an absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision . . . and

(C)    the person has not been convicted of a felony in the five years preceding the date of the arrest.

Even though the burden of proving compliance with each statutory condition rests with the petitioner, *Taylor v. State*, 266 S.W.3d 553, 556 (Tex.App.--Tyler 2008, pet. denied); *Heine v. Texas Dep't of Public Safety*, 92 S.W.3d 642, 646 (Tex.App.--Austin 2002, pet. denied), the trial court may rule on the verified petition without conducting a formal hearing and without the consideration of live testimony if it has at its disposal all the information it needs to resolve the issues raised by the petition. *Ex parte Wilson,* 224 S.W.3d 860, 863 (Tex.App.--Texarkana 2007, no pet.).

**Standard of Review**

A trial court's ruling on an expunction is reviewed under an abuse of discretion standard; *Ingram v. Tex. Bd. of Pardons & Parole,* No. 01-08-00973-CV, 2011 Tex.App. LEXIS 663, at *3 (Tex.App.--Houston [1st Dist.] Jan. 27, 2011, no pet. h.) (mem. op.), and a trial court abuses its discretion when it acts without reference to guiding rules and principles or if its actions are arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

**Discussion**

At the outset, we note that the State's sole argument on appeal, that the trial court abused its discretion by entering an order of expunction when the evidence presented at trial was legally and factually insufficient, does not conform to the argument presented to the trial court. On appeal, the State asserts Appellee wholly failed to meet her burden of proof as to *any* of the statutory requirements for an order of expunction because she failed to offer any evidence whatsoever; whereas, before the trial court, the State's only contention was that the provisions of article 55.01(a)(2)(A)(i) were not met because Appellee failed to present evidence that she was present in the state for more than three years. Therefore, to the extent the State contends that Appellee failed to meet her burden of proof on any of the statutory requirements other than the provisions of article 55.01(a)(2)(A)(i), the State has waived those issues. *Moser v. Davis,* 79 S.W.3d 162, 169 (Tex.App.--Amarillo 2002, no pet.). In other words, by appearing before the trial court and expressly limiting the contested issue to Appellee's

6

presence within the state, the parties effectively stipulated to the other statutory conditions.

Because the trial court could take judicial notice that the *period* of limitations, to-wit: three years, had elapsed between the dismissal of Appellee's indictment and the filing of her petition for expunction, the trial court had at its disposal all the information it needed to resolve the issues raised by the petition. Based on that information, the trial court could have reasonably concluded that Appellee's compliance with the statutory requirement of article 55.01(a)(2)(A)(i) was sufficiently established.

Furthermore, to the extent the State's issue can be construed as contending that the trial court erred by misapplying the provisions of article 12.05 to the undisputed facts, we note that not only did the State fail to provide this Court with a succinct, clear and accurate statement of that argument as required by Texas Rules of Appellate Procedure 38.1(h), she also failed to provide any argument or authority that the provisions of article 12.05 applied to the unusual facts of this case where accusations against Appellee had been dropped for more than the statutory period of limitations.[6] Accordingly, the State also waived this argument. *Id.* Because we cannot say the trial court acted without reference to guiding rules and principles or that its actions were arbitrary and unreasonable, the State's sole issue is overruled.

---

[6]Tolling provisions of article 12.05(a) only apply when the citizen has been effectively accused of an offense. *Ex parte Matthews,* 892 S.W.2d 208, 210-11 (Tex.App.--Houston [1st Dist.] 1995)(op. on reh'g), *affd,* 933 S.W.2d 134 (Tex.Crim.App. 1996), *overruled in part on other grounds by Proctor v. State,* 967 S.W.2d 840, 844 (Tex.Crim.App. 1998).

**Conclusion**

The trial court's order of expunction is affirmed.

Patrick A. Pirtle
Justice

Quinn, C.J., concurring.