NO. 07-10-0215-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MAY 5, 2011

 EX PARTE AJMAN A. ADIL

 FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 NO. 98,039-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 The State of Texas appeals an order by the trial court expunging
the arrest records of Appellee, Ajman A. Adil. In a single issue, the
State asserts the trial court erred by entering an order of expunction
because the evidence was legally and factually insufficient. We
affirm.

 Background

 On February 10, 2004, Appellee was arrested and subsequently
indicted by a Potter County Grand Jury for felony possession of
marijuana in an amount of two thousand pounds or less but more than
fifty pounds.[1] On September 1, 2004, the indictment was
dismissed.[2]

 More than five years later, on October 22, 2009, Appellee filed
a verified petition for expunction, requesting that all criminal
records and files pertaining to her February 10, 2004 arrest be
expunged. See Tex. Code Crim. Proc. Ann. articles 55.01 and 55.02
(West Supp. 2010).[3] On November 5, 2009, the State filed its answer
wherein the State generally denied the allegations in Appellee's
petition, while specifically asserting that Appellee did not meet the
requirements of article 55.01(a)(2)(A)(ii), to-wit: dismissal of an
indictment due to mistake, false information, or other similar reason
indicating an absence of probable cause to believe that Appellee had
committed the offense or because it was void. In response to the
State's averments, Appellee asserted the reason for the dismissal was
irrelevant to her petition because she was relying solely upon the
provisions of article 55.01(a)(2)(A)(i), to-wit: lapse of the
applicable period of limitations.[4]

 On December 21, 2009, the trial court conducted a hearing. At
that hearing, counsel for the State appeared and announced that the
"crux" of the dispute was whether the statute of limitations had run
or not. See Tex. Code Crim. Proc. Ann. art. 12.01 (West Supp. 2010).
Specifically, the State asserted that the time during which Appellee
had resided outside the state should not be included in computing
whether or not the applicable limitations period had expired. See
Tex. Code Crim. Proc. Ann. article 12.05 (West 2005). The State,
therefore, sought to establish that Appellee had resided outside the
State of Texas during the period in question.

 Receiving no objection from Appellee's counsel, the State
proceeded with the burden of persuasion by calling Appellee as a
witness. The State offered evidence that, since Appellee's arrest,
she had been a resident of Rhode Island and, with the exception of the
three to four days she spent in Texas at the time of her arrest, had
not returned to Texas. Based on this evidence, the State argued that
the applicable period of limitation was tolled by the provisions of
article 12.05.[5] No other evidence was presented and the trial court
took the matter under advisement. On May 19, 2010, the trial court
granted Appellee's petition for expunction. Neither party requested
findings of fact or conclusions of law and this appeal followed.

 Expunction

 The right to expunction is neither a constitutional nor common
law right but, rather, a statutory privilege. Quertermous v. State,
52 S.W.3d 862, 864 (Tex.App.--Fort Worth 2001, no pet.). Therefore,
in expunction proceedings, trial courts "have no inherent or equitable
power to expunge criminal records"; Ex parte M. R. R., 223 S.W.3d 499,
500 (Tex.App.--Amarillo 2006, pet. denied), overruled in part on other
grounds, State v. Beam, 226 S.W.3d 392, 394-95 (Tex. 2007), and, if a
trial court fails to comply with the statutory procedures for
expunction, it commits reversible error. State v. Echeverry, 267
S.W.3d 423, 425 (Tex.App.--Corpus Christi 2008, pet. denied).
However, because the statute is remedial in nature, those statutory
provisions should be liberally construed. Ex parte E. E. H. 869
S.W.2d 496, 497 (Tex.App.--Houston [1st Dist.] 1993, writ denied).

 Expunction proceedings are authorized by Chapter 55 of the Texas
Code of Criminal Procedure and are considered civil causes of action,
not criminal. Ex parte Wilson, 224 S.W.3d 860, 861 (Tex.App.--
Texarkana 2007, no pet.); Pitts v. State, 113 S.W.3d 393, 395
(Tex.App.--Houston [1st Dist.] 2003, no pet.). Article 55.01
provides, in pertinent part, as follows:

(a) A person who has been placed under a custodial or noncustodial
 arrest for commission of either a felony or misdemeanor is
 entitled to have all records and files relating to the arrest
 expunged if:

 * * *

 (2) each of the following conditions exist:

 (A) An indictment or information charging the person with
 the commission of a felony has not been presented
 against the person for an offense arising out of the
 transaction for which the person was arrested; or if
 an indictment or information charging the person with
 commission of a felony was presented, the indictment
 or information has been dismissed or quashed, and:

 (i) the limitations period expired before the date
 on which a petition for expunction was filed
 under Article 55.02; or

 (ii) the court finds that the indictment or
 information was dismissed or quashed because
 presentment had been made because of mistake,
 false information, or other similar reason
 indicating an absence of probable cause at the
 time of the dismissal to believe the person
 committed the offense or because it was void;

 (B) the person has been released and the charge, if any,
 has not resulted in a final conviction and is no
 longer pending and there was no court ordered
 community supervision . . . and

 (C) the person has not been convicted of a felony in the
 five years preceding the date of the arrest.

 Even though the burden of proving compliance with each statutory
condition rests with the petitioner, Taylor v. State, 266 S.W.3d 553,
556 (Tex.App.--Tyler 2008, pet. denied); Heine v. Texas Dep't of
Public Safety, 92 S.W.3d 642, 646 (Tex.App.--Austin 2002, pet.
denied), the trial court may rule on the verified petition without
conducting a formal hearing and without the consideration of live
testimony if it has at its disposal all the information it needs to
resolve the issues raised by the petition. Ex parte Wilson, 224
S.W.3d 860, 863 (Tex.App.--Texarkana 2007, no pet.).

 Standard of Review

 A trial court's ruling on an expunction is reviewed under an
abuse of discretion standard; Ingram v. Tex. Bd. of Pardons & Parole,
No. 01-08-00973-CV, 2011 Tex.App. LEXIS 663, at *3 (Tex.App.--Houston
[1st Dist.] Jan. 27, 2011, no pet. h.) (mem. op.), and a trial court
abuses its discretion when it acts without reference to guiding rules
and principles or if its actions are arbitrary and unreasonable.
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).

 Discussion

 At the outset, we note that the State's sole argument on appeal,
that the trial court abused its discretion by entering an order of
expunction when the evidence presented at trial was legally and
factually insufficient, does not conform to the argument presented to
the trial court. On appeal, the State asserts Appellee wholly failed
to meet her burden of proof as to any of the statutory requirements
for an order of expunction because she failed to offer any evidence
whatsoever; whereas, before the trial court, the State's only
contention was that the provisions of article 55.01(a)(2)(A)(i) were
not met because Appellee failed to present evidence that she was
present in the state for more than three years. Therefore, to the
extent the State contends that Appellee failed to meet her burden of
proof on any of the statutory requirements other than the provisions
of article 55.01(a)(2)(A)(i), the State has waived those issues. Moser
v. Davis, 79 S.W.3d 162, 169 (Tex.App.--Amarillo 2002, no pet.). In
other words, by appearing before the trial court and expressly
limiting the contested issue to Appellee's presence within the state,
the parties effectively stipulated to the other statutory conditions.

 Because the trial court could take judicial notice that the
period of limitations, to-wit: three years, had elapsed between the
dismissal of Appellee's indictment and the filing of her petition for
expunction, the trial court had at its disposal all the information it
needed to resolve the issues raised by the petition. Based on that
information, the trial court could have reasonably concluded that
Appellee's compliance with the statutory requirement of article
55.01(a)(2)(A)(i) was sufficiently established.

 Furthermore, to the extent the State’s issue can be construed as
contending that the trial court erred by misapplying the provisions of
article 12.05 to the undisputed facts, we note that not only did the
State fail to provide this Court with a succinct, clear and accurate
statement of that argument as required by Texas Rules of Appellate
Procedure 38.1(h), she also failed to provide any argument or
authority that the provisions of article 12.05 applied to the unusual
facts of this case where accusations against Appellee had been dropped
for more than the statutory period of limitations.[6] Accordingly,
the State also waived this argument. Id. Because we cannot say the
trial court acted without reference to guiding rules and principles or
that its actions were arbitrary and unreasonable, the State’s sole
issue is overruled.

 Conclusion

 The trial court's order of expunction is affirmed.

 Patrick A. Pirtle
 Justice

Quinn, C.J., concurring.

-----------------------
[1]See Tex. Health & Safety Code Ann. § 481.121(b)(5) (West 2010).

[2]The State's Motion to Dismiss recites as grounds for the dismissal
that the "[o]fficer failed to show for suppression hearing."

[3]Throughout the remainder of this opinion, provisions of the Texas
Code of Criminal Procedure will be cited as either "article ____" or
"art. ____."

[4]The applicable statute of limitations for an offense under §
481.121(b)(5) of the Texas Health & Safety Code, the offense for which
Appellee was arrested, is three years. See Tex. Code Crim. Proc. Ann.
art. 12.01(7) (West Supp. 2010).

[5]Article 12.05 provides, in pertinent part:

 a) The time during which the accused is absent from the state
 shall not be computed in the period of limitation.

(Emphasis added).

[6]Tolling provisions of article 12.05(a) only apply when the citizen
has been effectively accused of an offense. Ex parte Matthews, 892
S.W.2d 208, 210-11 (Tex.App.--Houston [1st Dist.] 1995)(op. on reh'g),
affd, 933 S.W.2d 134 (Tex.Crim.App. 1996), overruled in part on other
grounds by Proctor v. State, 967 S.W.2d 840, 844 (Tex.Crim.App. 1998).