

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00202-CV

EX PARTE J.D.F.

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2016-523-660, Honorable William R. Eichman II, Presiding

May 1, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

J.D.F., a prison inmate appearing pro se, filed a petition for expunction of records pursuant to Chapter 55 of the Texas Code of Criminal Procedure.[1] The Texas Department of Public Safety filed a general denial answer, and the State also appeared in opposition to the petition.[2] The hearing on J.D.F.'s petition was accomplished through

---

[1] *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01-.06 (West 2018).

[2] Based on the reporter's record it appears the State filed a general denial with the court at the beginning of the hearing. TEX. R. CIV. P. 74. While the clerk's record does not contain the State's answer, the State's appearance at the expunction hearing amounts to a general denial of the allegations in J.D.F.'s petition. *Ex parte K.R.K.,* 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.).

two brief trial-court settings.  J.D.F., due to his incarceration, appeared by telephone while the State's attorney appeared in person.  Presentation at the two settings was only by the arguments of the parties setting out their respective positions for the court.  No evidence was admitted.  At J.D.F.'s request, without objection, the court took judicial notice of the following facts:

> An indictment, charging J.D.F., was presented on July 12, 2011, and was file marked the following day, July 13, 2011.
>
> Count I of the indictment alleged J.D.F. committed the offense of sexual performance of a child[3] on or about April 22, 2010.
>
> Count II of the indictment alleged compelling prostitution[4] on or about April 22, 2010.
>
> Count III of the indictment alleged aggravated promotion of prostitution[5] on or about July 1, 2010.
>
> On December 13, 2012, J.D.F. was convicted of the offense of aggravated promotion of prostitution in cause number 2011-431,572.
>
> Two counts in the indictment, apparently sexual performance of a child and compelling prostitution, were dismissed on December 13, 2012.

Five days after the hearing concluded the trial court signed a written order stating, "the requested relief is DENIED."

---

[3] *See* TEX. PENAL CODE ANN. § 43.25 (West Supp. 2018).

[4] *See* TEX. PENAL CODE ANN. § 43.05 (West Supp. 2018).

[5] *See* TEX. PENAL CODE ANN. § 43.04 (West Supp. 2018).

Analysis

First Issue: Expunction Under Article 55.01(a)(2)(A)(ii)(c)

J.D.F. argues by his first issue that he "was deprived his right to expunction when the court neglected to follow the source of right pursuant to [article] 55.01(a)(2)(A)(ii)."[6] Specifically, J.D.F. argues the charges of child sexual performance and compelling prostitution were dismissed on December 13, 2012, because their presentment was made due to mistake and false information indicating a lack of probable cause. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii)(c). The State argues J.D.F. presented no testimony or other proof to substantiate this allegation.

The remedy of expunction allows a person who has been arrested for the commission of an offense to have the records and files relating to the arrest expunged provided he meets the statutory requirements of Texas Code of Criminal Procedure article 55.01. *Ex parte S.D.,* 457 S.W.3d 168, 171 (Tex. App.—Amarillo 2015, no pet.). "Article 55.01 is neither entirely arrest-based nor offense based." *State v. T.S.N.,* 547 S.W.3d 617, 623 (Tex. 2018) (interpreting the expunction scheme under article 55.01 subsection (a)(1)). Expunction is a privilege granted by statute, not a constitutional or common-law right. *Tex. Dep't of Pub. Safety v. J.H.J.,* 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Because an expunction proceeding is civil rather than criminal in nature, the petitioner bears the burden of proving all statutory requirements have been satisfied. *Id.* The trial court has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Id.* A petitioner will not be granted

---

[6] J.D.F. bases his argument on article 55.01(a)(2)(A)(ii)(c).

3

expunction until all statutory requirements are met. *T.S.N.,* 547 S.W.3d at 620. To meet the burden of proving compliance with all statutory requirements for expunction of criminal records, a petitioner must provide more than allegations in a verified pleading. *Ex parte K.R.K.,* 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.) (noting that "allegations in a petition seeking expunction are not evidence"). He must put on evidence sufficient to prove the facts alleged in his petition. *Tex. Dep't of Pub. Safety v. Mendoza,* 952 S.W.2d 560, 562 (Tex. App.—San Antonio 1997, no writ); *see Tex. Dep't of Pub. Safety v. Borhani,* No. 03-08-00142-CV, 2008 Tex. App. LEXIS 7509, at *8-9 (Tex. App.—Austin Oct. 3, 2008, no pet.) (mem. op.) (finding petitioner who did not present any evidence to prove satisfaction of the statutory expunction requirements failed to establish entitlement to expunction).

We review a trial court's ruling on a petition for expunction for abuse of discretion. *T.S.N.,* 547 S.W.3d at 620 (citing *Heine v. Tex. Dep't of Pub. Safety,* 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied)). A trial court must grant a petition for expunction if the petitioner satisfies each statutory requirement, but it abuses its discretion if it orders expunction of records despite the petitioner's failure to satisfy all statutory requirements. *In re O.R.T.,* 414 S.W.3d 330, 332 (Tex. App.—El Paso 2013, no pet.).

The portion of article 55.01 on which J.D.F. relies required proof that his indictments on charges of child sexual performance and compelling prostitution, dismissed pursuant to his plea bargain in December 2012, were dismissed because their "presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense . . . ." Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii)(c).

4

The facts the court judicially noticed are entirely insufficient to prove J.D.F.'s assertion the charges were dismissed for reasons indicating a lack of probable cause to believe he committed the offenses. No testimony or documentary evidence was received at the expunction hearing. Even if the statements contained in J.D.F.'s affidavit, which we later discuss, had been before the court as evidence, they constitute no evidence the charges were dismissed for reasons indicating any lack of probable cause to believe J.D.F. committed the offenses. Without evidence to prove J.D.F.'s entitlement to expunction under article 55.01(a)(2), the trial court did not abuse its discretion by denying J.D.F.'s petition. J.D.F.'s first issue is overruled.

Second Issue: Offensive Collateral Estoppel

By his second issue J.D.F. argues the judgment of conviction for cause number 2011-431,572 shows he was in jail on July 2, 2010, giving proof of the fact he then was incarcerated for a July 1, 2010 arrest. Thus, he concludes, the State is collaterally estopped to relitigate his arrest date.

Collateral estoppel may apply when an issue decided in the first action was actually litigated, was essential to the prior judgment, and is identical to an issue in a pending action. *Dep't of Pub. Safety v. Petta,* 44 S.W.3d 575, 579 (Tex. 2001). The proponent of collateral estoppel shoulders the burden of presenting sufficient evidence to establish the doctrine's application. *Traweek v. Larking,* 708 S.W.2d 942, 945 (Tex. App.—Tyler 1986, writ ref'd n.r.e.); *City of Houston v. Houston Chronicle Publishing Co.,* 673 S.W.2d 316, 321 (Tex. App.—Houston [1st Dist.] 1984, no writ). The party asserting collateral estoppel must introduce into evidence the judgment and pleadings from the prior suit or collateral

5

estoppel will not apply.  *Traweek,* 708 S.W.2d at 945; *City of Houston*, 673 S.W.2d at 321.

Whether J.D.F. could properly use collateral estoppel in the present case we do not say because he did not raise the doctrine in the trial court and offered no supporting evidence.  The dates of his arrests were not relitigated, and the dates of arrest have no bearing on his entitlement to expunction under the provision his first issue addresses, art. 55.01(a)(2)(A)(ii)(c).  No abuse of discretion has been shown.  J.D.F.'s second issue is overruled.

Third Issue: Failure to Issue Findings of Fact and Conclusions of Law

J.D.F. next argues the trial court erred by failing to issue findings of fact and conclusions of law despite his timely request and timely notice of past-due findings.

On proper request, findings of fact and conclusions of law shall be filed in cases "tried in the district or county court without a jury."  TEX. R. CIV. P. 296; *AD Villarai, LLC v. Chan Il Pak,* 519 S.W.3d 132, 135 (Tex. 2017) (per curiam); *Pitts v. State,* 113 S.W.3d 393, 397 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (expunction hearing).  Findings and conclusions are appropriate if the trial court conducts an evidentiary hearing and must resolve questions of fact based on conflicting evidence.  *Int'l Union, United Auto., Aerospace Agric. Implement Workers of Am.-UAW v. Gen. Motors Corp.,* 104 S.W.3d 126, 129 (Tex. App.—Fort Worth 2003, no pet.).  But for matters on which the trial court rules without determining questions of fact, findings of fact are not appropriate.  *Id.; cf. Pitts,* 113 S.W.3d at 400 (finding failure of trial court to prepare findings and conclusions

6

was not harmful error when, among other things, appellant presented no evidence supporting his ground of expunction).

Here because the parties presented no evidence, the trial court as trier of fact had no disputed issues of material fact to resolve. Findings and conclusions were therefore not appropriate and the trial court did not abuse its discretion by implicitly refusing J.D.F's request. J.D.F.'s third issue is overruled. *See Limbaugh v. Limbaugh,* 71 S.W.3d 1, 5-6 (Tex. App.—Waco 2002, no pet.) (explaining a court is not required to issue findings of fact on undisputed issues but must make findings of fact and conclusions of law on every material issue the pleadings and evidence raise; a court does not issue findings and conclusions on evidentiary issues but only on ultimate or controlling issues).

Fourth Issue: Judicial Notice and Admissibility of Affidavit

By his fourth issue, J.D.F. argues the trial court abused its discretion by refusing to judicially notice the dates of his arrests for some of the charged offenses, and by failing to admit his affidavit into evidence.

If requested by a party and supplied with the necessary information, a court must take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b),(c).

At the hearing, J.D.F. pursued an argument that his plea of guilty and conviction on count three of the indictment, alleging aggravated promotion of prostitution in July 2010, should not disqualify expunction of his arrest for the dismissed April 2010 charges because he previously had been arrested for the July offense. While the court expressed

7

a willingness on its own to examine an unidentified file and determine if it contained sufficient information for judicial notice, we are not shown by the record what documents the file contained. Because at least one of the arrest dates was disputed and J.D.F. did not supply the court with the necessary information for judicial notice, it did not err by implicitly denying J.D.F.'s request.

Moreover, as we noted in our discussion of his third issue, the date of his arrest has no bearing on his entitlement to expunction under art. 55.01(a)(2)(A)(ii)(c) as J.D.F. argues because there is no evidence of dismissal of the April 2010 charges for reasons indicating a lack of probable cause to believe he committed the offenses. Even had the court taken judicial notice of the arrest dates as J.D.F. wanted, the notice would not have established his entitlement to expunction.

During the hearing J.D.F. requested the court to admit into evidence an affidavit he filed. The court stated it had not yet received the affidavit and would decide its admissibility after the State reviewed it and responded with its position as to the item's admissibility. The record reflects no further discussion of the affidavit and no ruling by the court on its admission. We interpret J.D.F.'s brief on appeal to complain that the affidavit was wrongfully excluded from evidence. As noted, no evidence was admitted at the hearing.

Preservation of a complaint for appellate review requires a party to present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *Richmond Condos. v. Skipworth Commercial Plumbing, Inc.,* 245 S.W.3d 646,

8

665 (Tex. App.—Fort Worth 2008, pet. denied) (op. on reh'g) (citing TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(1)).  On a party's failure to follow this procedure, nothing is preserved for appellate review and the complaint is waived.  *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).  While an objecting party must obtain a ruling from the trial court, the ruling may be either express or implied.  TEX. R. APP. P. 33.1(a)(2)(A); *In re Marriage of Camp,* No. 07-13-00283-CV, 2014 Tex. App. LEXIS 7830, at *8 (Tex. App.—Amarillo Jul. 18, 2014, no pet.) (mem. op.).  An implicit ruling is one that, although unexpressed, may be reasonably inferred from something else in the record.  *Trevino v. City of Pearland,* 531 S.W.3d 290, 299 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

We have no express ruling on J.D.F.'s offer of his affidavit.  Because the record does not include the State's response to J.D.F.'s offer of his affidavit or further comment from the trial court, we cannot reasonably imply an adverse ruling by the trial court.  Accordingly, we must view J.D.F.'s complaint as waived, and nothing is preserved for our review.

Moreover, as we noted in our discussion of J.D.F.'s first issue, review of the affidavit reveals no evidence of the lack-of-probable-cause element of the expunction he pursued.  The admission of the affidavit into evidence would not have changed the outcome of our review.

J.D.F.'s fourth issue is overruled.

Conclusion

Having overruled each of J.D.F.'s issues on appeal, we affirm the order of the trial court.

James T. Campbell
Justice